■ In the Matter of the Claim of Ione Pierce, on behalf of Herself and Children, Respondent, against Grolier Society, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Application of Edwin Burke, Petitioner, against George M. Bragalini et al., Constituting the State Tax Commission, Respondents. — Petitioner appeals — in an article 78 proceeding — to review a determination of the State Tax Commission which affirmed an assessment of additional income tax for the year 1951 in the amount of $132.21. Petitioner, the president of a closed family corporation — 62% of stock owned by petitioner and 14% by his wife — was engaged in the manufacturing and supplying of marine machinery and parts, with his office in New York City. Such stock ownership is not necessarily a controlling factor in sustaining the action of the commission. In his tax return for the year in dispute [1951] he claimed allowance for 85 days work outside New York State. The commission determined that 45 days of such work was justified but that the 40 days work at his home in New Jersey was not contemplated by the statute and therefore taxable. The 45 days allowed were spent in various cities in the business of the corporation, the other 40 days at his home where petitioner claims he was free of interruptions, maintained a research library, and therefore the best interest of his employer was served by doing his work there. The personal convenience of an employee is not the test. It is understandable that many people — living within and out of the State — may on occasions find it more advantageous to work at home, either during the regular working hours or extra " home work " after hours. Such a person living in the State is not entitled to special tax benefits and, intriguing as it may be, the commuter from outside the State is entitled to no such special benefits. There is no showing that a research library could not be made available at the New York office and as to interruptions it is part of an executive risk, bulwarked by competent office personnel. Any allowance claimed for work outside the State must be for those purposes that of necessity — as distinguished from convenience — obligate the employee to out of State duties in the service of his employer. Determination unanimously confirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.