■ In the Matter of EDWARD W. MOREHOUSE, Petitioner, against JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.— This is a proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which affirmed the assessment of additional income taxes against petitioner for the years 1951, 1952 and 1953. The petitioner, a resident of New Jersey, is the vice-president of a large public utility holding corporation whose office is in New York City where the principal offices of the corporation are located. He excluded from his 1951-1953 tax returns income allocable to time which he spent in those years on commuter trains and at his home on evenings and week-ends going over analyses and reports which he did not have time to do during normal office hours. He testified that to perform this work at the office would disrupt his home life, be harmful to his health and that as a result his efficiency would be affected so that performing the work in the manner that he did was a benefit to his employer. The Tax Commission found, after a hearing, that the services performed on commuter trains and at home were done for reasons of the petitioner's personal health and convenience and that they could have been performed at his place of employment. Under subdivision 3 of section 359 of the Tax Law

the gross income of nonresident taxpayers "includes only the gross income from sources within the state". In *Matter of Carpenter* v. *Chapman* (276 App. Div. 634) the taxpayer was a lawyer admitted to practice in New York whose office was in New York City. He sought to exclude income from services performed at his home in New Jersey and his farm in Vermont but it was held that this constituted income from a profession carried on in this State. In the present case the work performed on the trains and at home was work which was connected solely to the petitioner's New York office and which could have been performed there. Although the employer may have benefited from this practice it was likewise a convenience to the petitioner and the income attributed to this work was income from a source within the State. (Cf. *Matter of Burke* v. *Bragalini,* 10 A D 2d 654.) Determination unanimously confirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.