■ In the Matter of EDMUND BURKE, JR., et al., Petitioners, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.— COOKE, J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained the assessment of additional income tax against petitioners, husband and wife and residents of Connecticut, for the year 1964. Edmund Burke, Jr., admitted to practice law in New York but in no other State, was employed as an attorney in the legal department of an international oil company with offices in New York City, his primary responsibility involving legal problems affecting the concern's Middle East interests. Besides 75 days credited to work in or en route to London and accepted by respondent, he excluded from his 1964 tax return income allocable to 17 days of work performed in his Connecticut home, it being claimed that his work load was too heavy to complete during regular work hours and that working overtime in the corporation offices would entail additional expense for the employer for heat, transportation and meal charges. The New York State taxable income of a nonresident individual shall be his New York adjusted gross income less his New York deductions and personal exemptions (Tax Law, § 631, subd. [a]), the adjusted gross income consisting, in part, of the " net amount of items of income * * * derived from or connected with New York sources " (Tax Law, § 632, subd. [a], par. [1]). An employee who performs work outside of New York for his own convenience and without necessity, rather than at his employer's New York offices, as here, may not treat the income derived therefrom as nonresident income, despite a possible benefit to the employer (*Matter of Morehouse* v. *Murphy,* 10 A D 2d 764, app. dsmd. 8 N Y 2d 932; *Matter of Burke* v. *Bragalini,* 10 A D 2d 654; cf. *Matter of Carpenter* v. *Chapman,* 276 App. Div. 634). The income in question was from a source within the State. *Matter of Oxnard* v. *Murphy* (19 A D 2d 138, affd. 15 N Y 2d 593) involved a nonresident executor who performed no services in and had no office in this State. Determination confirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.