■ In the Matter of ARTHUR B. CHURCHILL et al., Petitioners, v. NORMAN GALLMAN et al., Constituting the State Tax Commission, Respondents.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which affirmed an assessment of additional income tax for the year 1962. Petitioner, a resident of New Jersey, was the vice-president of an advertising firm which had its office in New York City. He received a salary of $20,000 annually, plus commissions on the business of two clients whose accounts he handled. One client was an out-of-State company with no office in New York, and the other maintained a sales office in New York City. Petitioner suffered from emphysema and, as a result thereof, he spent 54 working days during 1962, working at his home in New Jersey with the employer's consent. It is conceded that he worked 174 days during the year; 12 days out-of-State; 108 days in New York City with the said 54 days working at home in dispute as to allocation. Petitioner seeks an allocation of his 1962 income under subdivision (c) of section 632 of the Tax Law by either applying regulation 131.15 (20 NYCRR 131.15) or regulation 131.16 (20 NYCRR 131.16) of the State Tax Commission. Petitioner contends that his salary income should be allocated on the basis of days worked within New York to total of days worked, and that his commission income should be allocated by excluding the

commissions earned from the client whose principal office was out-of-State. Regulation 131.15 relates to commissions for services performed by a "nonresident traveling salesman, agent or other employee" within and without the State. Although petitioner's main client was an out-of-State company, the services rendered relative to advertising campaigns and continuous service in the nature of advice and proposals were performed in the New York City office, with the exception of five days that he spent at the home office of the client. These commissions were not items of income attributable to business transacted without the State. Regulation 131.15 was not applicable to allocate petitioner's salary and, since regulation 131.16 excludes employees whose income is allocable under regulation 131.15, such sections are mutually exclusive and petitioner's income to the extent he is entitled to an allocation, must be allocated under regulation 131.16. Petitioner also contends that if his salary and commissions income must be allocated based on days worked in New York, the 54 days that he worked at home in New Jersey should be allocated as days worked without the State. Regulation 131.16 provides that "any allowance claimed for days worked outside of the State must be based upon the performance of services which of necessity — as distinguished from convenience — obligate the employee to out-of-State duties in the service of his employer". The days worked at home required by reason of petitioner's physical condition were by reason of the employee's necessity and not for the necessity of the employer. The services performed by petitioner at home were done for reasons of his personal health and convenience, and such work days must be held to be days worked within the State. (*Matter of Morehouse* v. *Murphy*, 10 A D 2d 764, app. dsmd. 8 N Y 2d 932; *Matter of Burke* v. *Bragalini*, 10 A D 2d 654; *Matter of Burke* v. *Murphy*, 33 A D 2d 581.) Determination confirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.