Wachtler, J.
Frank Speno, Jr. and his wife Peggie B. Speno, residents of Summit, New Jersey, filed joint New York State nonresident income tax returns for the years 1960 and 1961. During these years Mr. Speno was the president of the Frank Speno Railroad Ballast Cleaning Co., Inc., which had its principal office in Ithaca, N. Y. with additional offices in Syracuse, N. Y. and Geneva, Switzerland. Although he was the corporate president his duties were not executive in nature but rather entailed public relations, entertainment and attendance at rail *258 road meetings in order to promote the services of the company. As such, Mr. Speno was required to do a great deal of traveling through the United States and Europe.
In their 1960 New York State income tax return, the appellants claimed 236 days of work outside New York (106 of which were days worked at the Speno home in New Jersey) and computed their tax liability on the basis of 60 days worked in New York. The 1961 return showed 252 days worked outside New York, 174 of which were days worked at the Speno home in New Jersey.
In contrast to the numerous meetings and promotional activities Mr. Speno engaged in while in the other States and Europe, the work performed at home in New Jersey consisted essentially of making phone calls. No business calls were received on the unlisted Jersey number, and Mr. Speno entertained no business contracts in New Jersey. Accordingly, the Department of Taxation and Finance rejected the appellants’ allocation and recomputed their taxes by deeming the days worked in New Jersey as nonworking days in the 1960 return, and by including them within the time worked in New York in the 1961 return.
The Speno’s protested and a formal hearing was held before the State Tax Commission which found that his duties did not necessitate his residing in Summit, New Jersey. As Mr. Speno stated, “ I could live in Hong Kong and do what I am doing.”
Applying the “ convenience of employer ” test which is embodied in New York Income Tax Regulation (§ 131.16; 20 NYCRR 131.16), the commission reassessed the Speno tax liability to include the days worked in New Jersey. This determination was confirmed by the Appellate Division. Two of the Justices of that court dissented on the ground that the “ convenience of the employer ” test should be applied “ [o]nly in cases where the employee is based or is required to work in New York, and works outside during a tax year.”
The appellants challenge both the validity and the application of the “ convenience of the employer ” test.
The New York State Tax Law (§ 359, subd. 3; § 632, subd. [b]) provides in substance that nonresidents must pay taxes on gross income from “ sources within the state.” The meaning of the phrase “ sources within the state ” is the focal point in this case. Apparently, the first interpretation was made in 1919 by the *259 Attorney-General who stated that the source of income relates to “ the work done, rather than the person paying for it ” (1919 Report of Atty. Gen. 301). This resulted in the place of performance doctrine, i.e., that personal services performed outside the State would not be taxable.
In view of the large number of nonresidents who avail themselves of employment within New York State, the place of performance doctrine was refined by virtue of the “ convenience of the employer ” test. Under this refinement, a nonresident who performs services in New York or has an office in New York is allowed to avoid New York State tax liability for services performed outside the State only if they are performed of necessity in the service of the employer. Where the out-of-State services are performed for the employee’s convenience they generate New York State tax liability.
This refinement has been consistently applied by our courts. (Matter of Burke v. Bragalini, 10 A D 2d 654 [where the additional tax was assessed despite the claim that the work was done at home to be free from interruptions and to utilize the research materials kept there]; Matter of Morehouse v. Murphy, 10 A D 2d 764, app. dsmd. 8 N Y 2d 932 [where a claim that the work done at home increased efficiency was rejected]; Matter of Churchill v. Gallman, 38 A D 2d 631 [where the additional tax was assessed despite the claim that work was done for personal health reasons].) In conjunction with the longstanding judicial application, the “ convenience of the employer ” test has been utilized by the State Tax Commission and has been incorporated into the New York Income Tax Regulations: “ However, any allowance claimed for days worked outside of the State must be based upon the performance of services which of necessity — ■ as distinguished from convenience — obligate the employee to out-of-State duties in the service of his employer ” (20 NYCRR 131.16). The policy justification for the 11 convenience of the employer ” test lies in the fact that since a New York State resident would not be entitled to special tax benefits for work done at home, neither should a nonresident who performs services or maintains an office in New York State. Consequently, the appellants’ attack on the test’s validity is without merit.
Turning to the application of the test in this case, the appellants rely heavily on two cases cited by the dissenters in the *260 Appellate Division (Matter of Oxnard v. Murphy, 19 A D 2d 138, affd. 15 N Y 2d 593; Matter of Linsley v. Gallman, 38 A D 2d 367, affd. 33 N Y 2d 863). However, their reliance is misplaced.
In Oxnard (supra) the place of performance doctrine was properly applied. The “ convenience ” test was not appropriate since the Arizona executor performed no personal services whatsoever in New York, nor did he maintain an office here.
The approach used in Linsley {supra) is also inapplicable. There, ill health forced the petitioner to retire from a New York investment banking corporation and to move to Connecticut. The petitioner and the corporation entered into a consultation agreement whereby he would perform advisory services via telephone. He maintained no office in New York, nor was he required to come here. Accordingly, the place of performance doctrine was applied and the petitioner was absolved of New York State tax liability.
Neither of these cases is controlling in the instant case for the reason that Mr. Speno performed services within Now York State for his employer. The record shows that he allocated 60 days in New York in 1960 and 43 days in 1961, which in each year was more than any other location except New Jersey. As a nonresident employee who performs services both within and without the State, the ‘ ‘ convenience ’ ’ test was properly applied.
The order of the Appellate Division confirming the determination of the State Tax Commission should be affirmed.
Chief Judge Breitel and Judges Cabrielli, Jones, Rabin, Stevens and Wither* concur.
Order affirmed, with costs.

 Designated pursuant to section 2 of article VI of the State Constitution.