In the Matter of HOMER PAGE et al., Petitioners, v. STATE TAX COMMISSION, Respondent.

Third Department, January 2, 1975.

*Wynn, Blattmachr, Campbell & Milas* (*W. Arthur Campbell* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J.  Homer Page and his wife Marjorie Page, residents of Connecticut, filed nonresident income tax returns for the year 1967 in which he claimed 227 days of work outside of New York, including 120 days which he worked at his home in Connecticut.  These 120 days are in dispute.

Petitioner is employed as a staff writer for Marts & Lundy, Inc. which is in the business of acting as an advisor for fund-raising drives conducted by churches, educational institutions and similar organizations.  The employer maintains one office in New York City, but has no office or place of business elsewhere.  They have clients located throughout the United States.  Mr. Page's work, primarily, is the preparation of brochures for publication and other material for fund-raising drives.  No space is provided at the office of the employer for staff writers such as petitioner for files or work space, as their work, according to testimony at the hearing, is considered to be creative and not easily performed in the atmosphere of a business office during normal business hours.  Mr. Page maintains a workshop and library in his home which contains reference material and other material used by him in his writing.  His normal routine during the course of a campaign is to visit the client at the client's location, consult with the employer's officers in New York City, and do his writing at home.

Subdivision (c) of section 632 of the Tax Law provides that income from a business, trade, profession or occupation carried on partly within and partly without the State shall be considered "derived from or connected with New York sources", so as to be taxable, in accordance with such regulations for allocation and apportionment as are determined by the Tax Commission.  Section 131.16 of those regulations (20 NYCRR 131.16) provides that "any allowance claimed for days worked outside of the State must be based upon the performance of services which of necessity — as distinguished from convenience — obligate the employee to out-of-State duties in the service of his employer."  The propriety of this test was recently approved in *Matter of Speno* v. *Gallman* (35 N Y 2d 256).

Petitioner contends that respondent erred in allocating his days worked at home to New York, urging that the work was performed there out of necessity.  Petitioner points to the testimony that not only was space unavailable to him at the office, but an office setting would not have been conducive to his work, wherefore it is urged that the conditions of his employment necessitated work at home.  However, there is no evidence to establish that an office could not have been set up in such a

manner as to make adequate space available for petitioner's work and files, and to insulate him from interruptions which might interfere with a proper atmosphere. In this regard, *Matter of Burke* v. *Bragalini* (10 A D 2d 654) is very much in point. The taxpayer there claimed days worked at his New Jersey home as out-of-State work contending that, since he was free of interruptions and maintained a research library at home, the best interests of his employer were served by doing his work there. In rejecting the taxpayer's contentions, we pointed to the absence of any showing that a research library could not have been made available at the New York office, and, as to interruptions, " it is part of an executive risk, bulwarked by competent office personnel " (10 A D 2d 654).

In conclusion, it has not been shown that petitioner's work was of a type required to be performed away from the employer's office — excepting, of course, trips to visit out-of-State clients. His desire to work at home where he felt he might work more comfortably and where all materials would be available around the clock could be found by the Tax Commission to serve the employee's convenience rather than the employer's necessity.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.