In the Matter of FRANK A. SIMMS et al., Petitioners, *v.* MARIO A. PROCACCINO et al., Constituting the State Tax Commission, Respondents.

Third Department, March 13, 1975.

*Greener & Ostro* (*Sheldon Ostro* and *Alexander, Katz & Rosenberg* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondents.

SWEENEY, J. This is a proceeding pursuant to CPLR article 78 to review a determination of the State Tax Commission which denied petitioners' claim for redetermination of deficiency or for a refund of personal income tax under article 22 of the Tax Law for the years 1961 through 1966, inclusive.

Petitioners Frank Simms and his wife, Jeanne Simms, residents of Connecticut, filed New York State nonresident income tax returns for the years in question. During such period petitioner Frank Simms, a commercial radio and television announcer, maintained an office in his Connecticut residence for use in preparing and rehearsing auditions for the broadcasting of commericals. In the office he maintained microphones, tape recorders, listening devices, key stop watches, a tape library and filing system. He also made sample reels of his voice to be sent to prospective sponsors and advertising agencies. The actual commercials were ultimately made in New York, except for those the taxpayer made while he was working in California. Petitioner was not employed by any particular network or local stations, but was paid on a " per job " basis, his income depending on each job and further dependent on where and when the commercial was aired.

Petitioner claimed that he was required to work a certain number of days outside New York during the years under review. Most of those days, he was required to work in his residence office in Connecticut or entertaining businessmen in Connecticut. Other days, he was allegedly required to work in California, Florida and New Jersey during 1965 and 1966. The Tax Commission disallowed all days claimed to have been worked outside the State, except for 11 days petitioner worked in California during 1966.

We have recently dealt with circumstances similar to petitioner's where it was urged that the out-of-State work at home was performed there out of necessity. (*Matter of Page* v. *State Tax Comm.*, 46 A D 2d 341.) Although the present record reveals that office space was unavailable to petitioner in New York, there is no evidence that an office could not have been set up in New York, or that petitioner's services were performed in his residence office of necessity, as distinguished from convenience. Petitioner's duties did not necessitate that he live in Connecticut. As Judge WACHTLER stated in *Matter of Speno* v. *Gallman* (35 N Y 2d 256, 259), "Since a New York State resident would not be entitled to special tax benefits for work done at home, neither should a nonresident who performs services * * * in New York State." We conclude, therefore, that the Tax Commission properly applied the "convenience of the employer" test (20 NYCRR 131.16) to the days spent by petitioner working at his home and entertaining in Connecticut.

The petitioners also claim that allocation of their income should have been based upon location where the commercials were aired. They argue that the commission did not consider the evidence presented, nor the theory upon which it was based. From an examination of the record in its entirety, we find no evidence to support petitioners' method of allocation except for a general breakdown issued by the Federal Communications Commission which showed that revenues received by the television broadcasting industry from New York television commercials were approximately 13% of Nationwide revenues for broadcasted commercials. No specific breakdown was submitted by petitioners, however, with regard to the allocation of income received by petitioner for commercials aired in New York and for other commercials broadcast outside the State. The Tax Commission based its determination on the evidence presented and there was substantial support therefor. We find no basis for

petitioners' contention that they were denied equal protection of the law.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., GREENBLOTT, KANE and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.