In the Matter of ARTHUR H. HAYES, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, January 26, 1978

## APPEARANCES OF COUNSEL

*Rosenman, Colin, Freund, Lewis & Cohen (Richard E. Halperin* and *Leonard H. Rubin* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Nigel G. Wright* and *Ruth Kessler Toch* of counsel), for respondent.

## OPINION OF THE COURT

GREENBLOTT, J. P.

The facts, as found by the respondent, are that petitioner was a domiciliary and resident of Connecticut for the year 1967, the year in question. At that time, he was president of CBS radio. In 1967, petitioner entered into an agreement with CBS in which he agreed to resign as president and continue as consultant through July 31, 1969. His duties were to be as

assigned by CBS. The agreement contemplated that petitioner would perform most of his duties at his home in Connecticut, but CBS reserved the right to ask petitioner to perform duties in New York and elsewhere.

On May 25, 1967, petitioner relinquished the presidency of CBS radio and vacated his offices. After that date, he had no office in New York and performed no services for CBS in New York.

Petitioner filed a nonresident income tax return for 1967 in which he excluded from New York income salary received after May 25. Respondent, in a notice of deficiency dated September 28, 1970, allocated most of the salary to New York sources. Petitioner timely challenged the notice and, after hearing, respondent sustained the deficiency, holding that since the 150 days worked after May 25 included work performed in Connecticut by reason of petitioner's convenience and not the employer's necessity, the salary was taxable in New York. This article 78 proceeding ensued.

According to respondent's regulations, the New York income of a nonresident individual includes compensation for personal services "only if, and to the extent that, his services were rendered within this State. Compensation for personal services rendered by a nonresident individual wholly without the State is not included in his New York adjusted gross income, regardless of the fact that payment may be made from a point within the State" (20 NYCRR 131.4 [b]). When services are performed within and without the State, the regulation provides that 20 NYCRR 131.15 through 131.17 control. 20 NYCRR 131.16 provides that if services are performed both within and without the State, the employee can disclaim salary paid for days worked without the State only if the work was necessarily performed outside the State.

Although under petitioner's agreement with CBS he could have been required to work in New York, it is undisputed that he did not work in New York. That he could have been called to New York is of no import since the regulations make it plain that services rendered wholly without the State are not taxable in New York. Only when some work is performed within New York may some or all of the income be taxed in New York, and only then should respondent determine if work was performed for the employer's necessity. It is impossible to find a different meaning in the regulations.

The cases support this interpretation. Controlling here is

*Matter of Linsley v Gallman* (38 AD2d 367, affd 33 NY2d 863). Petitioner in *Linsley* went into semiretirement and performed consultation work from his home in Connecticut. He performed no services in New York. We held that it was error to attribute his income to a New York source. In *Matter of Speno v Gallman* (35 NY2d 256), the court explained that the petitioner in *Linsley* was properly absolved of tax liability because he had no office in New York and performed no work here. The petitioner in *Speno* performed services within New York State and, thus, the convenience test was properly applied.

Respondent attempts to confuse the issue by citing *Matter of Simms v Procaccino* (47 AD2d 149) and *Matter of Page v State Tax Comm.* (46 AD2d 341). It is true that both those cases found that office space could have been provided in New York and that the convenience test was properly applied. But again, we emphasize that in both cases petitioners performed some work in New York. A nonresident who works in another State but who performs no work in New York is not subject to New York State tax liability no matter for whose convenience or necessity he performs the work.

The determination should be annulled, and petition granted, with costs to petitioner.

KANE, MAIN, MIKOLL and HERLIHY, JJ., concur.

Determination annulled, and petition granted, with costs to petitioner.