■ In the Matter of HERBERT L. GROSS et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which held petitioners liable for additional personal income taxes under article 22 of the Tax Law for the year 1973. During the relevant tax year, petitioner resided in New Jersey. He worked as a management consultant for a firm with offices in New York. The firm allowed petitioner to perform his paper work at home and, consequently, petitioner worked 194 of 247 working days in New Jersey. He paid New York income tax on the 53 days worked in New York. Respondent assessed an additional $967.60 after its determination that all income was subject to New York tax. Petitioner argued before respondent, and argues here, that his employer required him to work at home to allow him more working time and increase his productivity. Respondent decided that the work could have been performed at the firm's offices and that there was no necessity for the petitioner to work at home. Petitioner seeks review of that determination. Income earned outside New York State may be subject to New York income tax in certain circumstances (Tax Law, § 632, subd [c]). Respondent's regulations provide: "If a nonresident employee * * * performs services for his employer both within and without the State, his income derived from New York sources includes that proportion of his total compensation for services rendered as an employee which the total number of working days employed within the State bears to the total number of working days employed both within and without the State * * *. However, any allowance claimed for days worked outside of the State must be based upon the performance of services which of necessity—as distinguished from convenience—obligate the employee to out-of-State duties in the service of his employer." (20 NYCRR 131.16.) It is apparent that a confirmance is compelled here. Petitioner misconstrues the concept of work required to be performed outside the State. Work is so required if it could not be performed within the State *(Matter of Speno v Gallman,* 35 NY2d 256). In the case at bar, petitioner could just as easily

have performed his work at his office in New York, but found it more convenient to work at home. That his employer prefers him to work at home to allow for more efficient use of time is irrelevant to the issue of whether the work could have been performed in New York (see *Matter of Page v State Tax Comm.*, 46 AD2d 341). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Larkin and Mikoll, JJ., concur.