■ JOSEPH CHOMYN et al., Petitioners, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission, which denied petitioners' application for redetermination of a deficiency or for a refund of personal income tax under article 22 of the Tax Law for the year 1972. Petitioners are husband and wife and residents of New Jersey. Petitioner, Joseph Chomyn, is a free lance director. During 1972 he was employed by the Proctor & Gamble Company as one of two directors for the television show "Somerset" which was telecast every weekday by the National Broadcasting Company. Each of the directors for the show was assigned programs on alternate weeks so that generally petitioner would work one week in a Brooklyn, New York, studio rehearsing and taping programs and the following week in his home in New Jersey studying scripts and preparing for the next week's tapings. As a result of this work schedule, when petitioners came to file their joint 1972 New York State nonresident income tax return, they listed their total Federal income as $51,693 and their total New York State income as only $21,456. They computed this latter figure by deducting from the Federal income the amount allegedly earned by Joseph Chomyn during 120 days when he worked outside of New York State. The Income Tax Bureau rejected this

allocation for out-of-State work, however, and issued a notice of deficiency on November 24, 1975 wherein petitioners were found to be liable for an additional income tax assessment of $3,000.72, plus $587.60 in interest, for the year 1972. When the State Tax Commission confirmed this ruling, the instant proceeding ensued. We hold that the Tax Commission's determination must be sustained. Although petitioner worked on alternate weeks at his home in New Jersey, the record clearly establishes that he did so because it was convenient for him to work in his home and not because his employer required him to work out of State. His duties certainly did not mandate that he live in New Jersey, and had he lived in New York, as did the other director of "Somerset", he plainly would not have been entitled to special tax benefits for work done at home. The same situation should prevail for services performed by nonresidents of New York in their homes *(Matter of Speno v Gallman,* 35 NY2d 256), and under the circumstances presented here, it is well settled that, pursuant to 20 NYCRR 131.16, the income derived from petitioner's work done in New Jersey is not exempt from the New York State income tax *(Matter of Simms v Procaccino,* 47 AD2d 149; *Matter of Page v State Tax Comm.,* 46 AD2d 341). In so holding, we would make two points in conclusion. Petitioners' reliance on *Matter of Hayes v State Tax Comm.* (61 AD2d 62) is misplaced because that case applies solely to nonresidents who perform no work in New York. Similarly, petitioners cannot successfully argue that the work performed by Joseph Chomyn in New Jersey was separate and distinct from his work done in New York and, therefore, exempt from New York's income tax. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.