■    In the Matter of MYRON FASS, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which denied petitioner's application for a redetermination of a deficiency or for refund of personal income tax under article 22 of the Tax Law for the year 1971. Petitioner, a New Jersey resident, edits and publishes several magazines dealing with a wide variety of special areas, including sportscars, motorcycles, firearms, home improvements, dogs and horses. As part of his duties, he tests, analyzes and investigates new products in these areas and reports on them in articles prepared for the various magazines. To perform these duties for his employers, petitioner requires access to a firing range with ballistics equipment and storage facilities; a garage to store automobiles and motorcycles for testing and evaluation; and a stable and kennel to house the horses and dogs he analyzes and photographs. Accordingly, these specialized facilities have been established, and they are located at petitioner's farm and residence in New Jersey. Petitioner testified without contradiction that they were not available at or near his employers' New York City offices. The State Tax Commission, however, conclusorily determined that the services performed by petitioner at these facilities were for his convenience and not out of any necessity required by his employers, and, accordingly, it allocated all of petitioner's income to New York for the taxable year 1971. The State Tax Commission's regulations provide that "any allowance claimed for days worked outside of the State must be based upon the performance of services which of necessity—as distinguished from convenience—obligate the employee to out-of-State duties in the services of his employer" (20 NYCRR 131.16). The Tax Commission has apparently taken the position that since the specialized facilities herein could have been set up somewhere in New York State, then the New Jersey situs was chosen merely for petitioner's convenience. In our view, however, a taxpayer should not be denied the right to allocate his income merely because his out-of-State activities could have been performed somewhere in New York State. The cases in this area do not stand for the proposition that out-of-State services are not for an employer's necessity where they could have been performed somewhere in New York State. Rather, they hold that an employee's out-of-State services are not performed for an employer's neces-

sity where the services could have been performed at his employer's office. In *Matter of Burke v Bragalini* (10 AD2d 654), for example, this court rejected the contention that there should be an allocation for work performed at the employee's research library in his New Jersey home, stating that (p 654) "There is no showing that a research library could not be made available *at the New York office*" (emphasis supplied). Similarly, in *Matter of Morehouse v Murphy* (10 AD2d 764, app dsmd 8 NY2d 932), we held that work performed at home and on a commuter train was for the employee's convenience and could have been performed at his New York office. (See, also, *Matter of Churchill v Gallman,* 38 AD2d 631; *Matter of Burke v Murphy,* 33 AD2d 581.) In both *Matter of Page v State Tax Comm.* (46 AD2d 341) and *Matter of Simms v Procaccino* (47 AD2d 149), there was no evidence that the services performed at the taxpayer's out-of-State homes could not have been undertaken at the employer's New York City offices. (See, also, *Matter of Speno v Gallman,* 35 NY2d 256; *Matter of Gross v State Tax Comm.,* 62 AD2d 1117; *Matter of Tuohy v Procaccino,* 51 AD2d 630.) The manifest rationale of these cases is that work performed at an out-of-State home which just as easily could have been performed at the employer's New York office is work performed for the employee's convenience and not for the employer's necessity. In the case at bar, however, the work petitioner performed at the New Jersey locations concededly could not have been performed at his employers' New York City office. Moreover, the record discloses that petitioner's out-of-State activities were engaged in for his employers' necessity. Petitioner has thus qualified for an allocation of his income. As a matter of law, we reject the position that an allocation of income should be disallowed merely because the specialized facilities herein could have been set up somewhere in New York State. Determination annulled, without costs, and matter remitted to the State Tax Commission for further proceedings consistent herewith. Mahoney, P. J., Greenblott, Sweeney and Kane, JJ., concur.

Main, J., dissents and votes to confirm in the following memorandum. Main, J. (dissenting). I respectfully dissent. During the year 1971, petitioner, a New Jersey resident, was majority stockholder and executive officer of five corporations by whom he was employed as editor and publisher of several special interest magazines, and all of these corporations maintained their offices in New York City. Included in petitioner's duties for the corporations were the testing and analyzing of products in various fields and the examination and photographing of animals, and to perform these varied tasks petitioner, as corporate head and majority owner, equipped himself with specialized facilities located either at his home in Englewood Cliffs, New Jersey, or his farm in Flemington, New Jersey. For the taxable year 1971, he allegedly worked 60 days outside of New York at one or more of these facitities, and, as a result, when he came to file his New York State nonresident income tax return for 1971, he sought an exemption from taxation for that portion of his income attributable to his 60 work days at his New Jersey home and farm. Rejecting this claim, the State Income Tax Bureau issued a notice of deficiency against petitioner, and, following a subsequent hearing on the matter, its action was sustained by the Tax Commission. This proceeding ensued. Upon an examination of the instant record in light of legal principles firmly established by case law, it becomes clear in my view that the commission's determination should be sustained. Considering his dominant position within the employer corporations, petitioner was positioned so as to determine where his specialized facilities would be located, and, although he maintains that the necessary facilities

were not readily available in New York State within the New York City metropolitan area, he concedes that they could have been established within that area and that their actual location in New Jersey was convenient for him. Such being the case, petitioner's position is indistinguishable from that of the petitioner in *Matter of Simms v Procaccino* (47 AD2d 149) wherein a Connecticut resident's income attributable to work done at specialized facilities at his home was held to be subject to the New York State income tax. In language equally applicable here, we plainly stated as the grounds for our decision in that case that petitioner's duties did not necessitate that he live outside of New York and that, while suitable facilities for petitioner might have been unavailable in New York, there was no showing that they could not have been set up in this State. With these circumstances prevailing, the petitioner in *Simms (supra)* was not allowed an exemption for his work time in Connecticut, and a like result should be reached in the present instance. Such a result is also mandated by the decision of the Court of Appeals in *Matter of Speno v Gallman* (35 NY2d 256) wherein that court adopted a policy that nonresidents were not to be accorded special tax benefits denied to residents of New York State. The court made clear in its decision that where, as here, a resident of this State would be denied an exemption from the income tax for the same work done at his home, a similarly situated nonresident should be treated likewise and not given any unfair advantage. Furthermore, despite the majority's emphasis to the contrary in the present case, the court in *Speno (supra,* p 259) additionally indicated that the exemption should be disallowed for all "services" not necessarily performed out-of-State and did not limit the application of the rule solely to work which could have been performed in an employer's New York office. Accordingly, to further this policy adopted by the Court of Appeals and ensure equal treatment for all, we should confirm the commission's determination with regard to the present petitioner.