■ In the Matter of DONALD R. WHEELER et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained a personal income tax assessment against petitioners. Petitioners Donald and Linda Wheeler are residents of the State of New Jersey. Donald Wheeler is an expert in the field of trading, selling and underwriting municipal bonds. He had an office in New York City where he worked as an employee for several investment firms. The nature of his work was such that he was required, over the weekend, to analyze the bond market so as to be prepared for the next week's trading. This work he performed in an office in his New Jersey home, to which were sent, each Saturday morning by special delivery, the Blue Lists, which contain indispensable information for bond market analysis. The Wheelers filed New York nonresident income tax returns for the years 1969 through 1973, the years at issue, and paid no New York State income tax on the portion of Donald Wheeler's income that was generated by his weekend work. The Tax Commission found that the weekend income should have been taxed and issued to the petitioners a notice of deficiency for 1969 through 1971 and a statement of refund adjustment for 1972 and 1973, and petitioners here seek review of that finding and challenge the constitutionality of the convenience test contained in 20 NYCRR 131.16. Numerous cases involving similar and almost indentical factual situations have in recent years found their way to this court and the Court of Appeals (see *Matter of Speno v Gallman,* 35 NY2d 256; *Matter of Fass v State Tax Comm.,* 68 AD2d 977; *Matter of Burke v Bragalini,* 10 AD2d 654, and cases cited therein). The manifest rationale of all of these cases is that work performed at an out-of-State home which could just as easily have been performed at the employer's New York office is work performed for the employee's convenience and not for the employer's necessity *(Matter of Fass v State Tax Comm., supra,* p 978). Contrary to the petitioners' contention, *Matter of Fass (supra)* did not change or alter that rationale and affords no support for their position here, for there we were not involved with an office, but rather with highly specialized facilities, including ballistics equipment, firing ranges, garages, stables and kennels, together with sophisticated testing and evaluating equipment and, concededly, these facilities were not available at or near the employer's office. This is all in sharp contrast to the situation here where the offices were "generally unavailable" over the weekend merely because mail was not sorted and a burglar alarm was activated. With the exercise of but a minimum of ingenuity and effort, the office could have been available to the petitioner. The commission's determination is not inconsistent with *Matter of Fass (supra)* and is supported by substantial evidence and should be affirmed. Petitioners' constitutional challenge is meritless, and the Court of Appeals has given specific approval to the "convenience test" contained in 20 NYCRR 131.16 *(Matter of Speno v Gallman, supra).* Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.