■ In the Matter of MARVIN KITMAN et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment imposed pursuant to article 22 of the Tax Law. Petitioners are residents of New Jersey. Petitioner Marvin Kitman (hereafter petitioner) is a television critic for the newspaper *Newsday,* writing five columns each week. Although *Newsday's* offices are in New York, petitioner works at his New Jersey home, where *Newsday* has provided him with four television sets, a special antenna to improve reception, a video tape recorder, and a machine to transmit his columns to *Newsday* on the telephone. Petitioner is expected to cover all aspects of television programming, from 6:00

or 7:00 A.M. past midnight, and states that he frequently monitors several channels at once on his multiple television sets. *Newsday* does not maintain an office for him at its New York bureaus. For 1971 through 1974, the years at issue here, petitioners filed New York nonresident income tax returns and allocated petitioner Marvin Kitman's salary from *Newsday* on the basis of days worked within and without New York. No New York State income tax was paid for the days petitioner worked at home in New Jersey. The Tax Commission disallowed this allocation and issued petitioners a notice of deficiency and a statement of audit changes for 1971 through 1974 in the amount of $5,290.68. Petitioners sought to have the notice of deficiency canceled, but the commission, after a hearing, denied their petition. Petitioners then commenced this article 78 proceeding to review that determination. The State Tax Commission's then applicable regulation provided that "any allowance claimed for days worked outside of the State must be based upon the performance of services which of necessity — as distinguished from convenience — obligate the employee to out-of-State duties in the service of his employer" (former 20 NYCRR 131.16). The policy justification for this "convenience of the employer" test is that since a New York State resident is not entitled to special tax benefits for work done at home, a nonresident who maintains an office or performs services in New York State should not be either (*Matter of Speno v Gallman,* 35 NY2d 256, 259). Because of the obvious potential for abuse where the home is the workplace in question, the commission has generally applied a strict standard of employer necessity in these cases, which, with rare exception, has been upheld by the courts (see *Matter of Wheeler v State Tax Comm.,* 72 AD2d 878; *Matter of Gross v State Tax Comm.,* 62 AD2d 1117; *Matter of Page v State Tax Comm.,* 46 AD2d 341; *Matter of Churchill v Gallman,* 38 AD2d 631; *Matter of Burke v Bragalini,* 10 AD2d 654). The case law has clearly held that "an employee's out-of-State services are not performed for an employer's necessity where the services could have been performed at his employer's office" (*Matter of Fass v State Tax Comm.,* 68 AD2d 977-978, affd 50 NY2d 932). Petitioner contends that he worked at home out of his employer's necessity because of the specialized equipment he used; the disruptive effect his four televisions would have on others in the employer's New York offices; the long hours that he works; and his specialized style of writing involving input from his family, who would not be present at the New York offices. In *Matter of Fass,* the petitioner was found to be working out-of-State for his employer's necessity because his work (testing and investigating new products) required access to a firing range, a garage, a stable, and a dog kennel, which were "not available at or near his employers' New York City offices" (*Matter of Fass v State Tax Comm., supra,* p 977). In terms of availability of equipment, however, nothing in the record of the instant case establishes that vast renovations would be required to install four televisions and a video tape recorder at *Newsday's* New York offices. This situation appears analogous to *Matter of Wheeler v State Tax Comm.* (72 AD2d 878, *supra*), in which the petitioner claimed that he had to work at home on weekends because a burglar alarm was activated at his office then. The court, in disallowing this claim, found that modification of the office security system could be accomplished "[w]ith the exercise of but a minimum of ingenuity and effort" (*id.,* at p 878; see, also, *Matter of Page v State Tax Comm.,* 46 AD2d 341, *supra*). As far as disruption to the other workers from the televisions, there is also no evidence showing that the office could not be set up in such a way as to insulate petitioner from the other workers (*Matter of Page v State Tax Comm., supra*). Similarly, for petitioner to spend his television viewing hours, though long at times, at the employer's office is not much more of a hardship than for the

petitioner in *Matter of Wheeler* to work at his office, rather than at home, on weekends. The commission's finding that petitioner often watched television from 6:00 or 7:00 A.M. until after midnight and performed the majority of his services for *Newsday* at his New Jersey home is not determinative here. This is particularly so in view of petitioners' nonresident New York State income tax returns, which reveal that petitioner worked only between 94 and 139 days in New Jersey — and an almost equal number of days in New York — during each of the four years at issue. Finally, concerning petitioner's need to have access to his family because of his particular style of writing, again, with the exercise of a little ingenuity, some means (possibly a special telephone line) could be devised for him to get input from them (see *Matter of Wheeler v State Tax Comm., supra*). In summary, while it would perhaps be more feasible for petitioner to work at home, it clearly is his choice to do so and not an absolute necessity from the employer's standpoint. The commission's determination is supported by substantial evidence and should be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.