■ In the Matter of ALVIN FISCHER et al., Petitioners, v STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment imposed pursuant to article 22 of the Tax Law.

Petitioners contend that the State Tax Commission erred in basing its determination on petitioners' failure to sustain their burden of proving their entitlement to an allocation of income due to the out-of-State services performed by petitioner Alvin Fischer (hereafter petitioner) on behalf of his employer. We agree in part with this claim.

Petitioner, a licensed engineer, is a principal in a firm which provides structural engineering services on a consultant basis. The firm has its office in New York City and also maintains an office in New Jersey at petitioner's home. The Tax Commission found that the firm does much of its work for New Jersey school districts and municipalities, which desire local firms due to the distance, time, traffic and parking problems involved in contracting with firms with offices in New York City. The Tax Commission also found that due to the nature of the firm's work, petitioner's presence at the job site was often required.

For the tax year at issue, petitioner claimed that he worked in New Jersey on 128 days and in New York 111 days. Of the 128 days worked in New Jersey, petitioner explained that 13 days

were spent at construction sites or clients' offices, 51 days were spent partly at construction sites and partly at the New Jersey office in his home, and 64 days were spent solely at the New Jersey office. Petitioner's claim as to the 13 days spent at New Jersey construction sites was allowed, but the Tax Commission concluded that petitioner failed to meet his burden of proof as to the remaining 115 days.

Citing *Matter of Fass v State Tax Comm.* (68 AD2d 977, affd 50 NY2d 932), petitioner maintains that since the New Jersey office in his home was necessary in order to acquire and service clients in New Jersey, he has met the requirement of establishing that all days spent in New Jersey were spent performing services for his employer's necessity (see 20 NYCRR 131.15). In *Matter of Fass,* however, the taxpayer's employment required the use of specialized facilities and sophisticated testing equipment, which the taxpayer maintained at his residence and farm in New Jersey, and such facilities and equipment were not available at or near his employer's New York offices. This court found irrational the Tax Commission's conclusion that since the facilities and equipment conceivably could have been duplicated in New York, the taxpayer's choice of a New Jersey situs was for his own convenience and not his employer's necessity. In *Matter of Wheeler v State Tax Comm.* (72 AD2d 878), this court noted that *Matter of Fass* did not involve an office in the taxpayer's home and, therefore, did not alter the general rule that work performed at an out-of-State home which could just as easily have been performed at the employer's New York office is work performed for the employee's convenience and not for the employer's necessity. Implicit in the Tax Commission's determination herein is its conclusion that although the office maintained at the taxpayer's out-of-State home may be for the employer's necessity, the burden remains upon the taxpayer to establish that the work being done by him at his home was also for his employer's necessity, using the general rule set forth above. We see nothing irrational in this conclusion (see *Matter of Speno v Gallman,* 35 NY2d 256, 259; *Matter of Kitman v State Tax Comm.,* 92 AD2d 1018, 1019, mot for lv to app den 59 NY2d 603).

Turning to the proof concerning the 64 days spent solely at his office in his New Jersey home, it is noteworthy that petitioner made no attempt to connect the paperwork and design work he did there with the purpose of acquiring and servicing New Jersey clients, which is the basis for the claim that the out-of-State office was being maintained for the employer's necessity. Instead, petitioner explained that the secretarial help at the New York office was inadequate and that the secretary at the

New Jersey office, his wife, was the most efficient at getting the work done. We find nothing irrational in the Tax Commission's conclusion that such proof failed to sustain the taxpayer's burden of establishing that his work at home was for his employer's necessity (see, e.g., *Matter of Kitman v State Tax Comm., supra; Matter of Wheeler v State Tax Comm., supra*).

We reach a different result, however, with respect to the 51 days spent partly at construction sites in New Jersey and partly at home. Respondent's brief concedes that the portion of each day spent at the construction site was for the employer's necessity, but asserts there is no evidence to indicate how much of each day was spent at the site. Assuming the percentage is relevant, petitioner testified that he spent one half to two thirds of those days at the construction site, and the Tax Commission noted this estimate in its findings of fact. Petitioner testified that his use of the office at his home on the days he visited construction sites was a matter of practicality; there was insufficient time to travel all the way into the New York City office and complete work that could not be completed at the job site but usually was required at the job site the next morning. In addition, he often needed to consult with people from the job site while completing this work and they would not travel into New York City. The Tax Commission neither rejected this testimony nor made any finding to the contrary. Indeed, it is clear from its decision that the Tax Commission's determination on this issue was not based upon its view as to the credibility of petitioner's proof.* Rather, it found a lack of proof to sustain petitioner's claim that he was working in New Jersey for his employer's necessity on those days he worked partly at construction sites and partly at his home. In view of the undisputed evidence noted above, the record does not support this finding. Accordingly, there is no rational basis for the Tax Commission's denial of the petition for redetermination of a deficiency insofar as it sought to include in the allocation of income for the tax year at issue the 51 days petitioner spent working in New Jersey partly at construction sites and partly at home.

Determination modified, without costs, by annulling so much thereof as concluded that petitioners failed to sustain their burden of proof as to the 51 days petitioner Alvin Fischer spent working in New Jersey partly at construction sites and partly at home; matter remitted to the State Tax Commission for further

---

* In its findings of fact, the Tax Commission noted some inconsistencies in the numerous records submitted by petitioner to establish his whereabouts on the 128 days he claimed to have spent in New Jersey, but these inconsistencies appear to have played no part in the Tax Commission's conclusion concerning the 51 days petitioner spent working both at construction sites and at home.

proceedings not inconsistent herewith; and, as so modified, confirmed. Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.

Mikoll, J., concurs in part and dissents in part in the following memorandum. Mikoll, J. (concurring in part and dissenting in part). The record discloses that during the tax period in question, petitioner's employer was doing business in New Jersey and had eight building projects under way there. As a licensed structural engineer assigned to these projects, petitioner of necessity had to be physically present not only for on-site work, but readily available for the myriad consultations attendant on such work. Petitioner's supporting documentation indicates that one project alone lasted 1½ years with at least three change orders requiring redesign by petitioner. This documentation substantiates far in excess of the days the majority would credit to petitioner as necessary to his employer's business.

But of greater relevance to the entire matter is the fact that it is conceded by the State Tax Commission that an engineer's unique function requires his ready availability at the job site. Further, I find that the Tax Commission's findings of fact contradict its conclusion of law. The facts totally support petitioner's contention that he worked in New Jersey out of business necessity. This matter is totally different from the plethora of cases involving employees whose claims of tax exemption were disallowed because they could have just as easily performed their work at their employer's office (see, e.g., *Matter of Wheeler v State Tax Comm.*, 72 AD2d 878). It approximates, rather, the situation dealt with by the Tax Commission in *Matter of Fass v State Tax Comm.* (68 AD2d 977, affd 50 NY2d 932) and *Matter of Budinich v State Tax Comm.* (TSB-H-82-[95]-1, May 1, 1981).

In view of the documentation submitted, petitioner's uncontradicted testimony and the concession of the Tax Commission, there is sufficient evidence in the record to support the remaining 115 days petitioner claimed he worked in New Jersey.

Accordingly, the Tax Commission's determination should be annulled and the matter remitted to the Tax Commission for a recalculation of petitioner's tax deficiency.