■ In the Matter of SAUL N. BRODY et al., Petitioners, v RODERICK G. W. CHU et al., Constituting the State Tax Commission of the State of New York, Respondents.—Casey, J.

Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment imposed under Tax Law article 22 and Administrative Code of the City of New York title U.

During all the relevant time periods involved herein, petitioner resided in Demarest, New Jersey, and was employed by the City College of the City University of New York as a professor. In that capacity, petitioner was required to prepare and teach classes, meet with students and do research for scholarly writing. Petitioner alleges that the office space provided by his employer in New York City was inadequate for the performance of his duties, in that the shelf space was insufficient for his book collection; that he was unable to work nights or weekends at the college, or to leave valuable books and other materials at his office there; and, in general, that he could not perform the required scholarly research at his place of employment. Therefore, petitioner maintained an office at his home in New Jersey and did research and scholarly writing there.

For the years 1980 and 1981, petitioner filed New York nonresident income tax returns in which he allocated his total days worked between New York and New Jersey, pursuant to 20 NYCRR 131.16 (subsequently renumbered 20 NYCRR 131.18). For 1980 petitioner allocated 87 days as having been worked in New York, and for 1981 he allocated 85 days. After an audit, the Department of Taxation and Finance determined that petitioner owed $154.11 for the years at issue due to its conclusion that the income allocation was improper. At the hearing requested by petitioner, it was decided that petitioner's performance of duties in New Jersey was for his convenience and not out of necessity of his employer. The assessment was, therefore, sustained by respondents and petitioner instituted this CPLR article 78 proceeding, which has been transferred to this court pursuant to CPLR 7804 (g).

In our view, the determination of respondents must be confirmed. 20 NYCRR 131.18 (a) (formerly 20 NYCRR 131.16) has previously been construed by this court to require a showing by petitioner that his performance of job duties out of State was not for his own convenience, but out of necessity *(Matter of Page v State Tax Commn.,* 46 AD2d 341; *Matter of Burke v Bragalini,* 10 AD2d 654). Petitioner here made no such showing. For example, he offered no evidence to support a finding that adequate office space could not have been made

available to him at the college. The case of *Matter of Fass v State Tax Commn.* (68 AD2d 977, *affd* 50 NY2d 932) is distinguishable since the duties to be performed by the petitioner therein required access to a firing range, garages, kennels and stables, which were located near the petitioner's home in New Jersey. Furthermore, to allow petitioner herein to benefit as requested would contravene the policy enunciated by the Court of Appeals in *Matter of Speno v Gallman* (35 NY2d 256), which precludes tax benefits for nonresidents on the basis of their convenience when residents of New York would be denied such benefits for work done under similar circumstances.

Inasmuch as petitioner failed to make the requisite showing of necessity, respondents' determination is rational and supported by substantial evidence, and it should be confirmed (*see, Matter of Kitman v State Tax Commn.*, 92 AD2d 1018, *lv denied* 59 NY2d 603).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.