■ In the Matter of KENNETH PHILLIPS et al., Petitioners, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [700 NYS2d 566] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's claim for, *inter alia*, a redetermination of deficiency of nonresident income tax under Tax Law article 22.

Petitioner Kenneth Phillips (hereinafter petitioner), a resident of Pennsylvania, worked from 1988 to 1995 as a municipal bond salesperson in the municipal bond department of Lehman Brothers, Inc., a New York City firm. Because petitioner's unique services required that he be able to analyze and monitor markets and execute trades at any time of the day or night, Lehman provided petitioner with a home office equipped with

computers, information systems, fax machines and 25 telephone lines.

During 1991, 1992 and 1993, which are the tax years at issue in this proceeding, regulations of the Commissioner of Taxation and Finance permitted petitioner, as a nonresident commissioned salesperson whose work was claimed to have been carried on partly within and partly outside New York, to apportion his income on the basis of (1) the volume of business transacted within New York, as a percentage of the total volume of business transacted within and without New York (20 NYCRR former 131.17, renum 132.17, eff Jan. 13, 1992) or (2) the total number of working days employed within New York, as a percentage of the total number of working days employed both within and without New York (20 NYCRR former 131.18, renum 132.18, eff Jan. 13, 1992). For the relevant tax years, petitioners filed nonresident New York income tax returns allocating petitioner's income on the basis of the number of days worked in this State. Respondent Department of Taxation and Finance audited petitioners in 1995. Finding that the days petitioner worked at his home office constituted days worked in New York, the Department concluded that petitioners owed $64,888.24 in State income tax, plus interest, for 1991, 1992 and 1993.

Contending that the allowance claimed for days worked outside New York was "based upon the performance of services which of necessity, as distinguished from convenience, obligate[d] [petitioner] to out-of-state duties in the service of his employer" (20 NYCRR former 131.18 [a]; *see, Matter of Speno v Gallman*, 35 NY2d 256, 259), petitioners filed a petition for redetermination of the deficiency. Following a conciliation conference and a denial of petitioners' request for a redetermination, a hearing was conducted before an Administrative Law Judge (hereinafter ALJ) in the Division of Tax Appeals. At the hearing, petitioners were permitted to amend their petition to allege as an alternative basis for a redetermination that all of petitioner's income constituted commissions received on bond sales to customers outside New York. The ALJ denied the petition and sustained the notices of deficiency. Upon administrative appeal, respondent Tax Appeals Tribunal sustained the ALJ's determination, finding that petitioners had failed to satisfy their burden of proving by clear and convincing evidence that petitioner worked out of his home office out of necessity to his employer rather than for his own convenience or that petitioner's income was based entirely upon commissions earned on sales to out-of-State customers (*see, Matter of*

*O'Connell*, Tax Appeals Tribunal, NY Tax Rep [CCH] P 402-666, Mar. 6, 1997). This proceeding ensued.

Fundamentally, as the parties challenging the assessments, petitioners bore the burden of establishing by clear and convincing evidence that the assessments were erroneous (*see, Matter of Suburban Carting Corp. v Tax Appeals Tribunal*, 263 AD2d 793; *Matter of Bello v Tax Appeals Tribunal*, 213 AD2d 754, 755). Absent such evidence, the presumption of correctness that attached to the notices of deficiency remained intact (*see, Matter of Suburban Carting Corp. v Tax Appeals Tribunal, supra; Matter of Leogrande v Tax Appeals Tribunal*, 187 AD2d 768, 769, *lv denied* 81 NY2d 704). As noted by the ALJ and the Tribunal, the hearing evidence in support of the petition consisted solely of petitioner's testimony, which was for the most part stated in very general terms, and a brief one paragraph letter from Lehman attesting to the fact that "[b]ecause of the unusual hours [petitioner] maintains and the service he provides, his presence in our office is not feasible or practical on a daily basis". Under the circumstances, we view the Tribunal's conclusion that the evidence submitted by petitioners failed to meet the strict standard required for establishing employer necessity as by no means irrational (*see, Matter of Kitman v State Tax Commn.*, 92 AD2d 1018, 1019, *lv denied* 59 NY2d 603 ["Because of the obvious potential for abuse where the home is the workplace in question, the commission has generally applied a strict standard of employer necessity in these cases, which, with rare exception, has been upheld by the courts."]; *Matter of Evans v Tax Commn.*, 82 AD2d 1010, *lv denied* 54 NY2d 606).

First, petitioners have offered no evidence as to how petitioner was able to work in the New York office some 342 days (41.66% of the total work days during the tax years in question) without complete security or confidentiality. Based upon the number of days that petitioner worked in the New York office, the Tribunal could reasonably conclude that petitioner was able to carry out his requested duties from that office. Second, the mere fact that taxpayers must perform their duties outside normal office hours is insufficient to justify a finding of employer necessity (*see, Matter of Brody v Chu*, 141 AD2d 907; *Matter of Kitman v State Tax Commn., supra*, at 1019-1020; *Matter of Wheeler v State Tax Commn.*, 72 AD2d 878). In any event, petitioners have not provided evidence to demonstrate that any transactions occurred during hours when Lehman's office was closed. Third, the fact that the employer has installed necessary equipment in the taxpayer's home of-

fice is not determinative of employer necessity (*see, Matter of Kitman v State Tax Commn., supra*).

Even if petitioners' characterization of the deficiencies in Lehman's New York facilities were to be fully credited, we note that petitioners' claim of necessity is nowhere near as compelling as that set forth in *Matter of Fass v State Tax Commn.* (68 AD2d 977, *affd* 50 NY2d 932), which did not deal with an office "but rather with highly specialized facilities, including ballistics equipment, firing ranges, garages, stables and kennels, together with sophisticated testing and evaluating equipment [which] were not available at or near the employer's office" (*Matter of Wheeler v State Tax Commn., supra*, at 878). We are not persuaded that Lehman's offices could not be reasonably adapted to serve petitioner's needs (*see, Matter of Evans v Tax Commn., supra; Matter of Wheeler v State Tax Commn., supra*). In fact, as previously noted, petitioner spent a substantial proportion of his working days in the New York office, and he acknowledged in his hearing testimony that when there, he did "[e]ssentially the same thing that [he] would do in Pennsylvania" except that he would also participate in meetings and instructional sessions with salespersons.

As a final matter, petitioners are incorrect in their contention that, once the ALJ granted leave to amend their petition to allege the alternative theory that they were excused from paying State income tax on commissions earned from out-of-State customers, the burden of going forward shifted to the Division of Taxation.

Yesawich Jr., Peters and Graffeo, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent.

I believe that the facts as found by the Administrative Law Judge and the Tax Appeals Tribunal constitute clear and convincing evidence that petitioner Kenneth Phillips (hereinafter petitioner) worked out of his home office out of necessity to his employer, and should have been permitted to allocate his income accordingly.

In rejecting petitioner's claim of necessity, the majority observes that the factual circumstances here are "nowhere near as compelling" as those presented in *Matter of Fass v State Tax Commn.* (68 AD2d 977, *affd* 50 NY2d 932) and opines that the offices of Lehman Brothers, Inc. could be reasonably adapted to serve petitioner's needs. These observations, I believe, reveal a fundamental misapprehension of the broader principles enunciated in *Matter of Fass*. The first such principle is that work performed at an employee's out-of-State home which could *just as easily* be performed at an employer's in-

State office is clearly based on the employee's convenience and not the employer's necessity. The second such principle is that where out-of-State work is performed using highly specialized facilities, allocation of income should not be disallowed merely because such facilities *could* have been set up within the State. The inquiry, therefore, is not whether the nature and extent of the specialized facilities herein are as "compelling" as those in *Matter of Fass*, but rather whether application of the rationale on which allocation of income was there permitted is warranted here.

The Tribunal and the Administrative Law Judge found that petitioner's work required him to monitor world markets and conduct transactions at all hours of the day and night, that he required a secure and confidential environment for his operations, and that Lehman closed its New York office from 6:00 P.M. to 6:00 A.M. or 7:30 A.M. for security reasons. There was no evidence that Lehman ever suggested establishing a suitable office for petitioner in its New York location. Its business decision to extensively equip an office in petitioner's home, which it denominated as a Pennsylvania branch of its own operations, in the manner necessary to enable petitioner to perform the highly specialized services for which he was hired constituted a more practical and less expensive option. This is particularly so given the uncontroverted fact that petitioner was required to monitor world markets and be in a position to execute transactions at all hours of the day and night. As in the *Matter of Fass* (*supra*), allocation should not be denied simply because Lehman could conceivably have established the requisite facilities within the State.

Further, I see no parallel between the facts herein and those presented in *Matter of Kitman v State Tax Commn.* (92 AD2d 1018, *lv denied* 59 NY2d 603), relied upon by the majority. In that case, the petitioner, a television critic for the newspaper "Newsday", was required to generate five columns weekly. He claimed that it was necessary to work at home because he was required to constantly monitor television programming, had four television sets which he frequently watched simultaneously and depended on input from his family when writing. In rejecting the petitioner's claim of necessity, we observed that nothing in the record established that "vast renovations would be required to install four televisions and a video tape recorder at *Newsday's* New York offices" (*supra*, at 1019), and noted that input from his family could easily be obtained via the telephone. Here, in contrast, the record establishes a myriad of legitimate reasons why the highly specialized facilities

required for petitioner's work could not have been practically established within the State.

Adjudged that the determination is confirmed, without costs, and petition dismissed.