In the Matter of the Application of Louis A. Cerf, Petitioner, for a Certiorari Order against Thomas M. Lynch and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.*

Third Department, December 30, 1932.

*Albert Handy*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig* of counsel], for the respondents.

Hinman, J. This is certiorari to review a determination of the State Tax Commission in the assessment of an income tax for 1928 and 1929 against the petitioner, a non-resident of the State. This non-resident, the general agent of a life insurance company, concededly conducted a business within this State in the solicitation and underwriting of life insurance policies. His contract provided for certain initial and renewal commissions, the latter to continue over a period of years, if renewal premiums were paid, irrespective of the termination of the agent's contract. The petitioner, who resided in New Jersey while acting as agent, retired from the business December 31, 1927, and continued to live in New Jersey. The question is: Do such renewal commissions, paid to such non-resident, after he had ceased actively to conduct such general agency in this State, constitute income from a " business, trade, profession or occupation carried on in this State," within the meaning of

section 351 of the Tax Law? The State Tax Commission has determined that petitioner was taxable.

I think the determination was correct. It is not a tax on the contractual right, but upon the income which was actually derived from business done in the State of New York and nowhere else. The income was made possible by the protection and security given to the business by this State and without which production and gainful occupation would have been impossible. That is the theory of the validity of the taxing of non-residents on the basis of income earned in the taxing State. (*Shaffer* v. *Carter*, 252 U. S. 37, 50.) While a State may not prohibit non-residents from doing business within its boundaries, it may require them to contribute in taxes for the support of its government. (*People ex rel. Stafford* v. *Travis*, 231 N. Y. 339.) It is not necessary to earn the income in the year of its receipt, nor is it necessary that the person be engaged in business in the State at the time of its receipt. There is nothing in the statute which reasonably requires any such interpretation. The sole question seems to me to be whether the income received by him was earned exclusively in business carried on by him in this State and under the protection of its government. These renewal commissions were earned by him entirely by his business efforts in New York State. No further efforts were required of him and none were performed by him after he retired, although he held himself ready, as he says, to aid in the collection of these premiums, if requested, in which case he would have had to act in this State, where the policyholders were located. It is not a tax payable in advance for the right to continue in business, but a tax on income actually earned here. It was nothing else and is taxable.

I recommend that the determination be confirmed, with fifty dollars costs and disbursements.

VAN KIRK, P. J., and RHODES, J., concur; HILL, J., dissents, with a memorandum, in which CRAPSER, J., concurs.

HILL, J. (dissenting). An income tax is imposed against a non-resident on account of income received (1) "from all property owned" and also (2) "from every business, trade, profession or occupation carried on in this State by natural persons not residents of the State." (Tax Law, § 351.) The contract from which the income is derived was negotiated in New Jersey between a corporation having its principal place of business there and a resident of that State. Payments under it are made in that State to the petitioner, and there is no claim that the physical contract is in the State of New York. Thus the income is not from property owned by petitioner in this State. He has carried on no business,

trade, profession or occupation in this State since December 31, 1927. Renewal commissions constitute income during the year in which they are received by the agent. (*Edwards* v. *Keith*, 224 Fed. 585; *Workman* v. *Commissioner of Internal Revenue*, 41 F. [2d] 139; *Woods* v. *Lewellyn*, 252 Fed. 106.) The petitioner's interest in the contract was a property right. (*Woods* v. *Lewellyn*, *supra*.) The income was not received from a " business, trade, profession or occupation carried on in this State," and is not taxable.

CRAPSER, J., concurs.

Determination confirmed, with fifty dollars costs and disbursements.