■ In the Matter of the Probate of the Will of MONROE L. DIX, Deceased. ELYNOR M. DIX et al., Appellants. DAVID M. POTTS et al., Respondents.— Motion to dismiss appeal granted, without costs, unless appellants perfect appeal, file note of issue and file and serve record and brief on or before August 15, 1960 and are ready for argument at the September Term of this court, in which event the motion is denied. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of DOROTHY B. LEYENDECKER, as Executrix of CLARENCE N. LEYENDECKER, Deceased, Petitioner, against STATE TAX COMMISSION, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Tax Commission. During his lifetime the decedent had been a partner in a firm which acted as general agent for a life insurance company. The partnership agreement provided that on termination of the partnership resulting from the death of one of the partners, subsequent renewal commissions on premiums for insurance obtained by the partnership should be paid directly to the estate of such a partner, as his interest might appear under the agreement. After decedent's death in 1948 the partnership was liquidated. A written agreement set up the manner of its liquidation. This agreement provided that the life insurance company, in respect of renewal premiums to which the partnership would be entitled, was to be directed to pay 40% to the estate of the decedent. The proof before the Tax Commission is that before December 31, 1949 the partnership was fully liquidated as to its assets and liabilities. The insurance company continued to pay to the estate the decedent's share of the renewal premiums from 1952 to 1955; and the question presented by this proceeding is whether the collection of these commissions falls within the definitions of doing business set up for an unincorporated business in section 386 of the Tax Law. The term "unincorporated business" it is there provided means any business "conducted, engaged in or being liquidated". It is argued by the commission that the tax is due for these years because the payments, made directly from the insurance company to the estate is the liquidation of the pre-existing partnership business. But when the general affairs of the partnership were closed after the death of the decedent, its debts paid, assets disposed of, and accounts then collectible brought in, it was "liquidated" within the sense in which that word is used in the statute. The indebtedness of the insurance company to the decedent's estate was in the nature of a chose of action which became the property of the estate. A contractual obligation, mature and complete existed against the company and in favor of the estate. Payments due under this contract might go on for many years, but no further balancing of accounts, or disposition of assets or indebtedness was required by the executor or by the surviving partners. Indeed, nothing had to be done except take money which became due under a contract extending into future time. No further carrying on of the business of liquidation was required. The transfer of a specified portion of the contractual obligation of the insurance company to the estate was similar to the transfer of a bond or a promissory note. Nothing decided in *Matter of Cerf* v. *Lynch* (237 App. Div. 283, affd. 262 N. Y. 549) has relevance to the problem here. There the question was whether the business activity which produced the original commissions which made them taxable as income to the relator also attached to the renewal commissions. Determination annulled, with $50 costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.