In the Matter of DUNCAN R. LINSLEY et al., Petitioners, *v.* NORMAN F. GALLMAN et al., Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 13, 1972.

*Emil Sebetic* (*Henry L. Glenn* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondents.

SWEENEY, J. This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission holding that petitioners are liable for personal income taxes for the years 1961, 1962 and 1963 and denying refunds of taxes paid under protest for those years.

Petitioner Duncan Linsley was employed as an executive of a New York investment banking corporation. He was required to take an early retirement in 1960 because of ill health at the age of 60, whereupon he moved to Connecticut. It is not controverted that he was a bona fide nonresident during the years in question. In December of 1955 petitioner's corporate employer adopted a deferred compensation plan supplemental to a qualified pension plan, under which he was permitted to resign at age 60. Other employees participated in basically similar plans by individual agreement with the employer. Upon petitioner's retirement this plan matured and he received the

amount credited to his deferred compensation fund in 10 approximately equal annual installments, 50% in stock of the corporation and 50% in cash. The Tax Commission determined that income received under this plan did not constitute an annuity, and was thus taxable. The New York adjusted gross income of a nonresident includes income from annuities " only to the extent that such income is from property employed in a business, trade, profession, or occupation carried on in this state ". (Tax Law, § 632, subd. [b], par. [2].) We interpret this provision to mean that the " property employed in a business, trade, profession or occupation carried on in this state " is that of the taxpayer, and not his employer. The commission does not contend otherwise. It is the commission's position, however, that a 1968 regulation should apply to the income received by petitioner under this deferred compensation plan in the years 1961, 1962 and 1963. The 1968 regulation issued by the Tax Commission defines an annuity as a pension or other retirement benefit which, among other things, " must be paid in money only, not in securities of the employer or other property ". (20 NYCRR 131.4 [d] [2].) Prior to 1968 the former regulation promulgated by the commission in connection with section 359 of the Tax Law (the forerunner of section 632 of such law [L. 1960, ch. 563]), stated: " When received by a non-resident, a pension of any kind is not taxable income as it is an annuity, and therefore exempt from taxation against a non-resident ". (NYS Personal Income Tax Regulations [1945], art. 413.) There was no substantial change in the language of subdivision (b), paragraph (2) of section 632 over that of former subdivision (3) of section 359. A retroactive application of this administrative ruling would result in the taking of property arbitrarily. The 1968 regulation, in effect, enlarged the particular tax statute by further limiting the definition of an annuity. There is a presumption that legislative rules are to be applied only prospectively. (See *United States* v. *Leslie Salt Co.*, 350 U. S. 383; *Helvering* v. *Reynolds Co.*, 306 U. S. 110.) We hold that petitioner's income under the deferred compensation plan constituted an annuity under the prior regulation and under the Internal Revenue Code of 1954 which is not inconsistent therewith (Tax Law, § 607; Internal Revenue Code, § 72, subd. [a]; Federal Income Tax Reg., § 1.72–2 [b] [2]). The commission's finding that the income received under this plan was not an annuity and was not, therefore, exempt, is erroneous and that part of its determination must be annulled.

Under an agreement dated June 1, 1960 between petitioner and the corporation, the employer agreed to pay him on a declining annual scale for a period of five years for advisory services to be performed by petitioner following his retirement. It was understood that he would not be required to come to New York, but would be available for telephone consultation, and he was not, in fact, required to be in New York during the entire period involved to render these services. The Tax Commission determined that the payments received under this consultation agreement did not constitute an annuity, but were income received from a source within this State for services rendered, and taxable. We find uncontradicted evidence that petitioner did actually perform some of the services called for in the contract and, therefore, we do not consider whether or not the payments constituted an annuity. In *Matter of Oxnard* v. *Murphy* (19 A D 2d 138, 140, affd. 15 N Y 2d 593), we construed the applicable statutory language (Tax Law, § 632, subd. [b], par. [1]) as relating source of income to "the work done, rather than the person paying for it". (See, also, NYS Personal Income Tax Regulations [1945], art. 412; 20 NYCRR 131.4 [b].) The commission's reliance on *People ex rel. Cerf* v. *Lynch* (237 App. Div. 283, affd. 262 N. Y. 549) is misplaced. The taxpayer in *Lynch* performed the initial services for which he was being paid renewal commissions when he was engaged in business in New York. These facts are distinguishable from those of the instant case. Petitioner, a nonresident, performed no services in New York for the income in question, nor did he maintain an office or place of business in New York. We conclude that the commission's finding that the income was received from a source within New York is erroneous, and that part of its determination should also be annulled.

Finally, the Tax Commission determined that rental loss sustained by petitioner when he sublet his New York apartment did not result from a transaction entered into for profit and was, therefore, not deductible. We find no reason to disturb this factual determination.

The determination should be modified, on the law, and matter remanded to respondent Tax Commission for recomputation of petitioners' tax liability without inclusion of income received pursuant to the deferred compensation plan and the consulting agreement, and, as so modified, confirmed, with costs to petitioners.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and KANE, JJ., concur.

Determination modified, on the law, and matter remanded to respondent Tax Commission for recomputation of petitioners' tax liability without inclusion of income received pursuant to the deferred compensation plan and the consulting agreement, and, as so modified, confirmed, with costs to petitioners.