In the Matter of JEAN R. FISHEL et al., as Executors of MILTON A. FISHEL, Deceased, Petitioners, v STATE TAX COMMISSION, Respondent.

Third Department, July 2, 1975

*Sanford D. Levy* for petitioners.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

HERLIHY, P. J. This is a proceeding pursuant to CPLR article 78 to review a determination of the State Tax Commission which denied the petitioners' claim for refund of unincorporated business tax paid for the year 1970, as well as their petition for redetermination of a notice of deficiency for unincorporated business taxes for the years 1970 and 1971, and which directed the Income Tax Bureau to issue a notice of deficiency against the petitioners for the year 1971 to include the disallowance of the deduction for reasonable compensation of personal services with interest.

The petitioners' decedent was a sales representative with respect to chain and variety stores for manufacturers of Christmas tree ornaments and decorations. His business required him to maintain an office for which he paid rent and out of which he conducted his business which consisted of

showing samples of the manufacturers' goods to the prospective purchasers. It appears that in his business he did not have anything to do with the placement of orders by the stores or that he did anything other than to show the goods to the prospective purchasers and extol their virtues. He operated on a straight commission which only became payable after the goods had been paid for by the chain and variety stores.

After the decedent had completed his sales activities for the year of 1970, he became terminally ill in April of 1970 and died the following September before any commissions for that year had become payable to him. Following his death, the petitioners as the representatives of his estate gave away such samples of merchandise as he had on hand; sold his small amount of office equipment for $141 and paid whatever rents and utility bills were due in connection with the office which the decedent had maintained.

The respondent found in the decision herein being reviewed that whatever commissions are involved herein as income "did not become owing during decedent's lifetime, but were claims belonging to his estate." The decision goes on to find, as a fact, that the petitioners did nothing in connection with the business other than to receive the commissions which were automatically paid when due.

The primary issue raised in this proceeding is whether or not the commissions which were paid to the estate following the decedent's death constitute income of an unincorporated business upon the theory that it was such a business being in the process of liquidation. (Tax Law, § 703.)

It is apparent from the respondent's decision that the sole basis for the finding that there was a liquidation of the decedent's unincorporated business in process during the years 1970 and 1971 and specifically when these commissions were received by the petitioners is the fact that the receipt of the commissions derived from the former business activity of the decedent.

In *Matter of Leyendecker v State Tax Comm.* (11 AD2d 747, affd 9 NY2d 707) this court found that the mere receipt of income pursuant to a contract which had passed to an estate subsequent to the liquidation of the business which produced the contract rights was not the income of an unincorporated business pursuant to the then applicable provisions of the Tax Law upon a theory that such continuing income meant that

there was still a process of liquidation. (Cf. *Matter of Cerf v Lynch,* 237 App Div 283, affd 262 NY 549 [as to the continuing source of income upon the retirement of an entrepreneur].) In the present case it is readily apparent that, as the respondent has found, the continuing receipt of commissions was entirely unconnected as a factual matter with the liquidation of the business. Indeed, in the present case there was no business activity to be conducted in any way following the death of the entrepreneur (decedent). As noted by the respondent, the *Leyendecker* case was decided under article 16-A of the Tax Law and the present case arises under article 23 of the Tax Law which is applicable to taxable years ending on or after December 31, 1960. However, the present article 23 is substantially similar to its predecessor and it does not appear that there would be any difference between the present statutes and the prior statutes as to the question of whether or not a business was in the process of liquidation. Accordingly, the *Leyendecker* principles are applicable to the present case.

The respondent erred as a matter of law because its present decision is premised entirely upon the fact that the mere receipt of commissions by the estate constituted income related to the liquidation of an unincorporated business. Upon the present record there is no evidence which would sustain a conclusion that any of the commissions received on and after the death of the decedent had any relationship to a liquidation of the unincorporated business and as a matter of fact and law, it does not appear that there was any liquidation process either necessary or performed which was in any way related to the conduct of a business.

The determination should be annulled, and the petition granted, with costs.

KANE, J. (dissenting) Petitioners filed two unincorporated business income tax returns for the year of 1970; the first, as to which there is no dispute, covered the period from January 1 until decedent's death on September 25; the second, as to which the instant claim for a refund is made, ran from that point until the end of the calendar year. It is apparent that decedent had previously filed such returns on a calendar year basis using the cash method of accounting. In our view, the *Leyendecker* (11 AD2d 747, affd 9 NY2d 707) decision does nothing more than recognize that, after liquidation, an unincorporated business generates no further taxable income subject to the reach of what is now article 23 of the Tax Law. The

insurance partnership there involved was fully liquidated by the end of 1949 yet the Tax Commission sought to bring renewal commission payments made from 1952 to 1955 within the purview of unincorporated business income and tax it as such. This they were not permitted to do, not because the sums involved were unrelated to the activities of the former enterprise, for they clearly were, but because those payments no longer retained their character as business income after the physical liquidation was finished. The unincorporated business income tax is imposed " *for each taxable year* on the * * * taxable income * * * of every unincorporated business" which entities are defined as including any "business * * * conducted, engaged in *or being liquidated* " (Tax Law, § 701, subd [a]; § 703, subd [a]; emphasis supplied). Taxable income is dependent upon the sum of items "includible in gross income *for the taxable year"* (Tax Law, § 705, subd [a]; emphasis supplied). If decedent here had survived and elected to terminate his business at any point during his self-chosen taxable year, it is obvious that he would have taken the same number of limited steps to effect such a liquidation that his fiduciaries found necessary to undertake on his behalf. He would have been required to include whatever commissions he received during 1970 as unincorporated business gross income for *that taxable year.*

Following their appointment, but before the end of the year, petitioners began and completed the liquidation of decedent's business affairs. Had the process entailed efforts in successive tax periods, a more difficult question would be presented, but the record is unambiguous in describing the chronology of events which took place and the legal conclusion to be drawn from the wording of the applicable statutes and the *Leyendecker* decision is inescapable: commissions received by decedent's estate in 1970 were properly taxed under article 23; those received thereafter are not subject to taxation as unincorporated business income. As a consequence, it becomes necessary to review petitioner's further contention that respondent improperly disallowed its claimed deduction from 1970 gross income for personal services. Within certain limited amounts, subdivision (a) of section 708 of the Tax Law permits such a deduction "for reasonable compensation * * * for personal services of the proprietor". Respondent relied exclusively upon its regulation excluding fiduciaries from the category of proprietors as the basis for disallowing the claimed

deduction (cf. 20 NYCRR 208.1 [a]). Not elsewhere defined by statute, the construction given the term proprietor by the responsible agency would ordinarily be upheld provided it has a warrant in the record and a reasonable foundation in law (cf. *Matter of Howard v Wyman,* 28 NY2d 434). However, here it is plain that the intendment of the statute is to provide a deduction from income for the value of services rendered to an unincorporated business by its active operators, be they partners or some other form of management, so that the plan of taxation will closely parallel the deductions similarly allowed when franchise taxes are imposed upon corporations (cf. Tax Law, § 209, subd 3; § 208, subd 9; § 210, subd 1, par [a]). Respondent has offered no acceptable reason for its regulation and none appears. Therefore, it was arbitrary for respondent to disallow the instant deduction *in toto* and the matter should be remitted to consider the reasonableness of the amount so claimed by petitioners.

LARKIN and REYNOLDS, JJ., concur with HERLIHY, P.J.; SWEENEY and KANE, JJ., dissent and vote to confirm in an opinion by KANE, J.

Determination annulled, and petition granted, with costs.