■ In the Matter of THOMAS F. GLEASON et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioners' application for a refund of personal income taxes for the years 1969, 1970 and 1971. The facts, generally agreed upon, reveal that the petitioners are domiciliaries and residents of New Jersey. During the years 1969, 1970 and 1971 the petitioner, Thomas Gleason, was a stockholder and officer in a family corporation (T. J. W. Gleason Corp.) which operated two taverns in New York City. This petitioner performed full-time accounting, bookkeeping and administrative services for the corporation in an office provided and maintained by the corporation in his home in New Jersey, and the record reveals no evidence that any of the services performed for the corporation by him were performed in New York. The petitioners filed nonresident income tax returns for the above years and made timely application for a revision of their returns and a refund of the taxes paid, contending that none of the income received for the services performed was New York source income, the services which produced the income having been provided exclusively in the corporate office located in the petitioners' home in New Jersey. Following a formal hearing requested by the petitioners when their refund application was denied, the commission decided that all services were taxable and denied the application for a refund. Implicit in such finding is the commission's conclusion that petitioner performed some of the services in New

York, a fact that finds no substantial evidentiary support in this record. The conclusion of the commission to the contrary is based on two negative inferences: (1) that the petitioners failed to claim deduction for depreciation of the office maintained in their home on their Federal income tax return and (2) that the petitioner, Mr. Gleason, failed to state at the hearing that he performed no services in New York. These inferences might very well go to the weight to be accorded this petitioner's testimony, but they hardly supply the substantial evidence required for the determination made. As against the petitioner Thomas Gleason's showing that all of his work for the corporation was performed in his New Jersey home in an office maintained therein by the corporation, on a "ten hour, seven days a week" schedule, there is no contradictory testimony. Thus, the commission's determination, i.e., that the services performed in his New Jersey home were performed for the petitioner's own convenience and not of necessity for the corporation, is not applicable to this situation and should not have been reached or considered. This inquiry is relevant only if the taxpayer performs services both within and without this State (see *Matter of Hayes v State Tax Comm.,* 61 AD2d 62). Where, as here, the evidence reveals that all the services performed were performed in New Jersey, the law is clear that compensation for personal services rendered by a nonresident individual wholly without this State is not included in New York State income (20 NYCRR 131.4 [b]). *(Matter of Linsley v Gallman,* 38 AD2d 367, affd 33 NY2d 863; cf. *Matter of Fass v State Tax Comm.,* 68 AD2d 977.)* The determination of the respondent must, therefore, be annulled for lack of substantial evidentiary support and the proceeding remitted to the respondent for redetermination. Determination annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.