■ In the Matter of OAKLEY S. EVANS et al., Petitioners, v TAX COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which denied petitioners' application to the extent of disallowing an allocation of 63 days to income earned outside of the State on their nonresident income tax return for the year 1972. Petitioner Oakley S. Evans was an executive employee of the J. C. Penney Company from 1935 until his resignation on May 16, 1972. He held various executive positions for that company and worked in different locations until 1953 when he was assigned to the New York City office and took up residence in Darien, Connecticut. His residency in Connecticut continued until he resigned. Petitioners agree that the income they received from January 1, 1972 to January 14, 1972 (a period of 10 working days) is subject to New York State income tax liability. Their dispute, and the only issue in this proceeding, concerns the income received from January 15, 1972 until May 16, 1972, the date of the resignation. Petitioners allocated this latter income on their 1972 tax returns because they claimed that: (1) during this time petitioner Oakley S. Evans was working on a special assignment for the company, the confidentiality of which required him to work out of his home and not in the New York City office; (2) a letter from the then president of the company required this assignment to be performed at home and not at the New York office unless otherwise specifically instructed by the president or by the chairman of the board of directors; (3) this petitioner's office in New York City and his secretary there had been reassigned to another executive as of January 15, 1972; and (4) from January 15, 1972 until he resigned this petitioner never reported to the company's New York office. After a hearing held on May 19, 1978, the respondent sustained its prior notice of deficiency as to the allocation of the days worked by Oakley S. Evans at his home in 1972 for the reason that the work performed at petitioner's home in Connecticut was performed there for his convenience and not out of the necessity of his employer. The only evidence in contravention of this determination was the testimony of petitioner himself and its acceptance or rejection was a question for the Tax Commission as fact finder. During the period in question, petitioner was in the employ of the company in the same executive capacity and at the same rate of compensation he had been receiving theretofore. Moreover, the confidential assignment was similar to duties he had performed previously during his employment. These facts are distinguishable from those in *Matter of Hayes v State Tax Comm.* (61 AD2d 62), relied on heavily by petitioner, wherein the petitioner left his original employment and then became a consultant for his former employer and worked exclusively out

of his home, and from those in *Matter of Linsley v Gallman* (38 AD2d 367, affd 33 NY2d 863), in which the petitioner was absolved from tax liability because he had no office in New York and performed no work here. Herein, the petitioner did perform services in New York for at least 10 days in 1972 and remained in the employ of his company in the same capacity from January 15, until May 16, 1972. Accordingly, the respondent properly applied the convenience of the employee test. Its conclusion that petitioner was based in New York and could have continued to work out of his office there, and that he elected to work out of his home in Connecticut during the disputed period only for his own convenience and not out of necessity for his employer, is supported by substantial evidence and is not irrational (see *Matter of Speno v Gallman*, 35 NY2d 256). The determination should be confirmed and the petition dismissed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.