OPINION OF THE COURT
Vincent G. Bradley, J.
The petitioners bring this CPLR article 78 proceeding seeking to annul a final determination and decision made and adopted on February 4, 1983 by the respondent commission upon the grounds that it is erroneous and/or arbitrary and capricious.
All of the pertinent facts in this matter have been stipulated by the parties. In 1968 the petitioner James Michaelsen’s employer, Avon Products, Inc., a New York City based corporation, granted Mr. Michaelsen, a corporate group vice-president, stock options to purchase Avon Products, Inc., capital stock pursuant to a qualified stock option plan. In the exercise of certain of these qualified options, Mr. Michaelsen was issued 3,000 shares of Avon capital stock on March 13, 1972, and another 3,000 shares of stock on February 22, 1973. Thereafter, in 1973 the petitioner sold all of the 6,000 shares of Avon stock. For Federal income tax purposes the sale of this stock in 1973 *825 resulted in a disqualifying disposition of the stock acquired by the exercise of the qualified stock option since the stock was not held for a three-year period as required by the Internal Revenue Code. The significance of this disqualifying disposition was that the gain realized on the disposition was reported as ordinary income rather than as capital gain on the petitioners’ 1973 income tax return.
The petitioners were residents of Connecticut in 1973, and they did not include the gain from the disposition of the aforesaid stock in their 1973 New York nonresident income tax return. On February 28, 1975, the Audit Division of the State Department of Taxation & Finance issued a notice of deficiency to the petitioners asserting additional tax plus interest owed for the year 1973, in the sum of $24,514.12. A refund claim by the petitioners reduced this sum by $5,497 leaving an amount due of $19,017.12. This determination was upheld by the hearing officer in his decision and also adopted by the respondent commission as aforesaid. Thus, the issue determined by the State Tax Commission was that gain realized upon the disposition of the shares of stock acquired through the exercise of Mr. Michaelsen’s employee’s qualified stock options granted by a New York employer is taxable to the nonresident petitioner as New York source income within the meaning and intent of subdivision (b) of section 632 of the Tax Law and 20 NYCRR 131.2 and 131.4.
In reviewing determinations by the State Tax Commission, the court’s function is limited and if there are any facts or reasonable inferences from the facts to sustain it the court must confirm the Tax Commission’s determination (also see Matter of Bachman v State Tax Comm., 89 AD2d 679; Matter of Liberman v Gallman, 41 NY2d 774; Matter of Grace v New York State Tax Comm., 37 NY2d 193, 195-196). Employing the above criteria, the court finds that the petition must be dismissed. Subdivision (b) of section 422 of the Internal Revenue Code of 1954 (US Code, tit 26, § 422, subd [b]), as amended, provides, in part, that the term “qualified stock option” means an option granted to an individual for any reason connected with his employment by a corporation if granted by the employer corporation to purchase stock of such corporation. Furthermore, *826 the court agrees with the findings of the hearing officer that there was no evidence indicating that the options through which the stock was acquired were issued other than as a form of compensation to petitioner James Michaelsen for either past services or incentive for future services to his employer. Thus, the record demonstrates a rational basis for the determination that any gain on the sale of the stock was connected with New York sources in accordance with subdivision (b) of section 632 of the Tax Law (also see Treas Reg 26 CFR 1.421-6 [d] [7], referring to gain realized on a disqualifying disposition of stock by exercise of qualified stock options as compensation).
Additionally, it is again noted that the petitioners included the gain in question in their Federal adjusted gross income and, therefore, consistent with the definition of New York adjusted gross income of a nonresident individual as defined by section 632 (subd [b], par [1]) of the Tax Law, this amount should have also been included in the petitioners’ adjusted gross income in their nonresident return. The petitioners’ reliance on section 632 (subd [b], par [2]) of the Tax Law is misplaced. That section is meant to tax nonresidents who deal in trade and securities on the interest and gains received thereon and not meant to cover taxpayers who receive stock options in lieu of compensation (1983 Guidebook to NY Taxes [CCH], par 1306). The petition is dismissed in all respects.