■ In the Matter of DONALD J. DONAHUE et al., Petitioners, v RODERICK G. W. CHU et al., Constituting the State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment imposed pursuant to article 22 of the Tax Law.

For approximately 26 years, petitioner[1] served as an executive of AMAX, Inc., a New York corporation, and its predecessor corporation. For a substantial period of time, he was its president. Prior to March, 1975, the executive offices of the corporation were located in New York City. At that time, they were moved to Connecticut and, on June 30, 1975, petitioner changed his residence from New York to Connecticut. On September 4, 1975, petitioner and the directors of the corporation entered into a written agreement to terminate petitioner's employment contract. Pursuant to the agreement, the corporation paid petitioner certain amounts of money which he reported on his Federal income tax return but not on his New York State return. His reasoning was that the unreported income was that of a nonresident of New York and not connected with any New York source.

Upon audit, the Department of Taxation and Finance determined that petitioner's New York taxable income included $944,611.40 petitioner received for the cancellation of stock options granted him by his employer while he was employed in New York, $107,361 in settlement of the corporation's obligation to pay petitioner for future consultation services, and $40,000 salary payments from June 30, 1975 to October 1, 1975. Petitioner sought review before respondent. Upon review, respondent refused to grant petitioner his demanded relief[2] and this CPLR article 78 proceeding was commenced and transferred by Special Term to this court.

There is no dispute as to respondent's findings of fact. It is our responsibility to decide whether there was a rational basis for respondent's determination and substantial evidence in support thereof (*Matter of Levin v Gallman,* 42 NY2d 32, 34; *Matter of Golden v State Tax Comm.,* 90 AD2d 941). All of the income in dispute was paid to petitioner after he and his company moved to Connecticut. Therefore, it is incumbent upon respondent to produce substantial evidence that the money paid was for services performed in New York (see *Matter of Gleason v State Tax Comm.,* 76 AD2d 1035). Section 632 of the Tax Law makes taxable that portion of a nonresident's income derived from an occupation carried on in this State.

1. Petitioners, husband and wife, are parties to this proceeding because they filed a joint return. All activities at issue are those of the husband and we hereafter refer to him as petitioner.

2. At the hearing before respondent, petitioner conceded that $22,674.68 in salary paid by the corporation after its move but while petitioner was a New York resident was properly taxed. That amount is not included in any figures referred to herein.

During the years 1968, 1970, 1971 and 1974, while petitioner was both residing and working in New York, the employer granted petitioner stock options for the purchase of 45,500 shares of its common stock. The aggregate exercise price was $1,454,376.10. Those options were never exercised. By a provision of the severance agreement of September, 1975, petitioner was given the opportunity to offer his options for cancellation in exchange for the payment to him of $944,611.40. The amount was determined by subtracting the aggregate exercise price from the aggregate fair market value at the time of cancellation. The mere fact that the transaction took place in Connecticut after petitioner severed his ties with New York is not controlling. Petitioner contends that the options were granted as an incentive for him to continue in the service of his company. A similar position was taken by respondent in *Matter of Michaelsen* (CCH Tax Rep [1971-1979 Transfer Binder], par 99-996j [Oct. 13, 1978]). We, however, conclude otherwise. Stock options are compensation and are taxable as such (*Commissioner v LoBue,* 351 US 243). To the extent that they were compensation in connection with his employment in New York, their value is taxable in this State (see, e.g., *Matter of Speno v Gallman,* 35 NY2d 256; *Matter of Hayes v State Tax Comm.,* 61 AD2d 62). We conclude that substantial evidence supports the taxability of the value of the stock options at the time the options became exercisable, which in this case appears to be at the time they were granted.

We find, however, that respondent erred in computing the tax base. Although section 83 of the Internal Revenue Code establishes the event of sale as the date of determination of value, that rule does not apply to the allocation of income attributable to New York sources. The proper method would have been to subtract the aggregate exercise price of each issue of options from the aggregate fair market value of the shares of stock on the date that the options became exercisable. There was no evidence connecting the granting of the options with the appreciation of the market value of the common stock of the corporation and, consequently, no connection with the rendering of services in this State (*Matter of Pardee v State Tax Comm.,* 89 AD2d 294).

We find neither substantial evidence nor a rational basis for respondent's determination that salary paid petitioner after he became a resident of Connecticut and the lump-sum settlement of his contract for future consultative services were taxable pursuant to section 632 of the Tax Law. A determination is supported by substantial evidence only if it is based upon facts

or reasonable inferences from the record (*Matter of Levin v Gallman, supra*). A mere scintilla of evidence to justify a suspicion is not substantial evidence (*Matter of Stork Rest. v Boland,* 282 NY 256, 273-274). Substantial evidence does not rise from surmise, conjecture or speculation (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176).

Petitioner and his board of directors negotiated a settlement which culminated in an executed written contract on September 4, 1975. The only possible inference from that fact was that the contract was of mutual benefit to the contracting parties. By the terms of the contract, petitioner gave up his right to receive his regular salary and benefits for the duration of his employment agreement. He also gave up his right to be paid for an additional 10 years as a consultant for $20,000 per year. In exchange for the relinquishment of those rights, he was given his existing salary until January 1, 1976 or until he accepted a regular position with another employer, whichever occurred first. He also accepted a sum of money which was slightly more than one half of what he could have received pursuant to his employment contract. The only reasonable inference which the facts warrant is that the benefits granted petitioner by the severance agreement were the result of the company's deliberate purpose to terminate its relationship with petitioner. A bargain was struck which, as it is concerned with petitioner's employment contract, was a settlement of all future rights. There was no evidence supporting a conclusion that those rights would have been exercised in New York had the employment continued. Consequently, we find no justification for taxing the sum of $107,361 received by petitioner in settlement of his future rights in regard to consultative services or the regular salary of $40,000 which he received after becoming a Connecticut resident.

Determination annulled, with costs, petition granted and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Main, J.P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Casey, J., concurs in part and dissents in part in the following memorandum. Casey, J. (concurring in part and dissenting in part). I agree with the majority in all respects, except so much thereof as concludes that the Tax Commission erred in not valuing the stock options as of the date that they were granted. The options were granted in New York for services rendered in New York by petitioner, a New York resident, to a New York corporation, and virtually all of the appreciation in value of the options occurred while both petitioner and the corporation were in New York. Accordingly, I see no irrationality in the Tax

Commission's decision to use the date that the options were canceled, which, for purposes of determining their value, was when they became taxable.