In the Matter of JAMES A. MICHAELSEN et al., Appellants, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, March 21, 1985

### APPEARANCES OF COUNSEL

*Walker, Walker & Kapiloff, P. C. (Arnold Y. Kapiloff* of counsel), for appellants.

*Robert Abrams, Attorney-General (Wayne L. Benjamin* and *William J. Kogan* of counsel), for respondent.

### OPINION OF THE COURT

KANE, J. P.

The facts of this case are not disputed. In 1968, petitioner James A. Michaelsen,[*] then a senior executive and corporate officer with Avon Products, Inc., in New York City (Avon), was granted certain stock options by his employer under an employee stock option plan. Pursuant to this qualified stock option

---

[*] James A. Michaelsen's wife, Vilia Y. Michaelsen, is also a party to this proceeding because a joint return was filed. All activities at issue are those of the husband who hereinafter will be referred to as petitioner.

plan (*see,* 26 USC § 422), petitioner purchased 3,000 shares of Avon capital stock on March 13, 1972 and another 3,000 shares of Avon capital stock on February 22, 1973. In 1973, petitioner sold these 6,000 shares and derived a gain therefrom of $179,761. As petitioner had not held the stock for three years, the gain from the disposition of the stock did not qualify for capital gains treatment, but was reported on petitioner's 1973 Federal income tax return as ordinary income (26 USC § 421 [b]; § 422 [a] [1]; 26 CFR 1.421-8 [b]). Petitioner, a resident of the State of Connecticut in 1973, did not report this gain on his 1973 New York nonresident income tax return. By a notice of deficiency dated February 28, 1977, the Department of Taxation and Finance informed petitioner that the 1973 return was deficient by the sum of $19,017.12. Following a hearing, respondent found that as the stock was acquired through the exercise of a stock option plan connected with petitioner's employment, the gain from the sale of the stock was income for the purpose of Tax Law § 632 (b).

Petitioner then commenced the instant proceeding pursuant to CPLR article 78. Special Term found that the stock option plan through which the stocks at issue were acquired was granted by Avon either as compensation for petitioner's past service to the company or as an incentive toward future service, and, therefore, there was a rational basis for respondent's determination that the income derived from the sale of the stock was subject to taxation under Tax Law § 632 (a), (b). This appeal ensued.

Tax Law § 632 provides for the taxation of that portion of a nonresident's income derived from an occupation carried on in New York. In this regard, respondent contends that the gain to petitioner from the sale of the stock is attributable to his occupation in this State and, therefore, such gain is derived from a New York source within the meaning of Tax Law § 632 (b) (1) (B). That provision provides:

"(b) Income and deductions from New York sources.

"(1) Items of income, gain, loss and deduction derived from or connected with New York sources shall be those items attributable to * * *

"(B) a business, trade, profession or occupation carried on in this state". (*See also,* 20 NYCRR 131.4 [b].)

Petitioner admits that the stock option was granted to him as a form of compensation for past service or as an incentive for future service with Avon. Consequently, we find this court's recent decision in *Matter of Donahue v Chu* (104 AD2d 523) to be

controlling. In that case, the petitioner, a resident of Connecticut, was also granted stock options by his New York employer (*supra,* p 524). The options were not exercised before the petitioner left his employment; however, the employer compensated petitioner in return for the cancellation of the options (*supra*). Although the petitioner reported this gain on his Federal income tax return, he did not report it on his New York nonresident income tax return, taking the position that the gain was not attributable to a New York source (*supra*). This court disagreed, holding that where stock options are compensation in connection with employment in New York, their value is taxable under Tax Law § 632 (*supra,* p 525; *see, Commissioner v LoBue,* 351 US 243). Finding that the stock options granted in that case were granted as compensation connected with employment in New York, this court held that there was substantial evidence supporting the taxability of the stock options at the time they became exercisable (*Matter of Donahue v Chu, supra,* p 525).

Turning to the instant case, petitioner conceded upon oral argument that since the stock options were compensation, said options were taxable in this State. Although conceding the taxability of the options, a result mandated by *Matter of Donahue v Chu* (*supra*), petitioner maintains that respondent erred in computing the tax. We agree. *Matter of Donahue v Chu* (*supra,* p 525) instructs us that: "Although section 83 of the Internal Revenue Code establishes the event of sale as the date of determination of value, that rule does not apply to the allocation of income attributable to New York sources. The proper method would have been to subtract the aggregate exercise price of each issue of options from the aggregate fair market value of the shares of stock on the date that the options became exercisable."

In other words, where, as here, there was no evidence connecting the granting of the options with the subsequent appreciation of the market value of the stock in Avon and, therefore, no connection with the rendering of services in this State (*see, Matter of Pardee v State Tax Commn.,* 89 AD2d 294), the only income attributable to New York is the value of the stock option on the date it became exercisable (*Matter of Donahue v Chu, supra,* p 525). The determination should, accordingly, be annulled, and the matter remitted to respondent to determine the tax due.

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, determination annulled, and matter remitted to respondent for further proceedings not inconsistent herewith.