In the Matter of ANGELINA DELESE, Petitioner, v TAX APPEALS TRIBUNAL OF STATE OF NEW YORK et al., Respondents. [771 NYS2d 191]—

Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of real property gift tax imposed under Tax Law article 26-A.

Petitioner conveyed her residence to two family members but reserved a life estate for herself. When petitioner completed a gift tax return for this transaction, she determined the value of the gift by subtracting the value of the life estate from the appraised value of the property. The Department of Taxation and Finance issued a notice of deficiency, claiming that petitioner owed additional tax of $4,900 plus interest, because the life estate should have been valued at zero as required by Internal Revenue Code (26 USC) § 2702 (hereinafter IRC 2702) and interpretive federal regulations (26 CFR 25.2702-1, 25.2702-5). The federal regulations were never promulgated as state rules according to the procedures set forth in the State Administrative Procedure Act. The Department applied those regulations

upon the basis that Tax Law former § 1004 (e)[1] explicitly adopted IRC 2702. An Administrative Law Judge sustained the application of the federal regulations based on the principle of federal conformity, which holds that courts should adopt the federal construction of tax provisions where New York and federal provisions are substantially similar. Respondent Tax Appeals Tribunal affirmed this determination, prompting petitioner to commence this proceeding.

The Department's use of federal regulations to interpret a state statute based on federal law was proper. NY Constitution, article IV, § 8 and Executive Law § 102 establish that no rule or regulation of a state department or board is effective unless it is first filed with the Secretary of State. State Administrative Procedure Act §§ 202 and 203 enumerate the rigorous rule-making procedures which administrative agencies must follow to adopt and enforce rules. It is undisputed that the Department did not promulgate the regulations at issue pursuant to these statutory procedures, nor were the regulations filed with the Secretary of State. However, the Department was not required to follow the statutory rule-making procedures, because it did not adopt a state rule or regulation. It merely utilized federal regulations as interpretations of a federal statute which was expressly incorporated into Tax Law former § 1004 (e). "It has long been the policy of our courts to adopt, whenever reasonable and practical, the Federal construction of substantially similar tax provisions" (*Matter of Marx v Bragalini*, 6 NY2d 322, 333 [1959] [citations omitted]). This doctrine of conformity furthers the legislative policy of administering the state and federal Tax Laws uniformly, and should be applied where, as here, the state statute is modeled on a federal law (*see id.* at 333-334).

Similarly, the Department's use of the federal regulations did not violate NY Constitution, article III, § 16. That provision prohibits enacting part of an existing law by reference without inserting the text of the existing law into the new act. Tax Law former § 1004 (e) adopted IRC 2702,[2] but not the interpretive regulations. This was appropriate because the regulations merely aid in the interpretation of the statute. In any event, NY Constitution, article III, § 16 does not apply "where a Federal law is incorporated into a New York law essentially for the purpose of facilitating enforcement" (*Town of Islip v Cuomo*, 147 AD2d 56, 63 [1989]; *see Matter of Medical Socy. of State of N.Y. v State of N.Y. Dept. of Health*, 83 NY2d 447, 453 [1994]).

---

1. The Legislature repealed New York's gift tax, effective January 1, 2000 (*see* L 1997, ch 389, part A, § 7).

2. The text of IRC 2702 was set forth in Tax Law former § 1009.

The regulations here are merely interpretations of the statute which facilitate its correct implementation. A fundamental rule of statutory construction provides that the Legislature does not act in a vacuum, but is aware of the existing state of the law at the time it enacts new legislation (*see Matter of Thomas v Bethlehem Steel Corp.*, 95 AD2d 118, 120 [1983], *affd* 63 NY2d 150 [1984]). Under that rule, the Legislature must be presumed to have intended that the federal regulations would apply to assist in the interpretation of the statute, as those regulations were promulgated prior to the enactment of Tax Law former § 1004 (e) (*see* 57 Fed Reg 4250 [1992]; Tax Law former § 1004, as amended by L 1992, ch 826 [eff Aug. 1992]).

Petitioner's due process argument, that she had no notice of the regulations that would be applied, is unsupported, as the regulations were properly promulgated on the federal level and were intended to aid in interpreting the federal statute expressly incorporated in Tax Law former § 1004 (e). Requiring state agencies to republish and repromulgate, as state rules, all federal regulations used to interpret federal statutes incorporated into state law would burden agencies with an unnecessarily duplicative and onerous task without providing any real benefit. Accordingly, it is entirely reasonable for agencies interpreting state statutes which incorporate federal statutes to rely on the already-existing interpretation found in federal sources, including regulations and decisional law (*see e.g. Matter of Michaelsen v New York State Tax Commn.*, 67 NY2d 579 [1986] [utilizing Treasury Department regulations to aid interpretation of IRC provision relied upon by state statute to reach determination "in conformity with Federal law"]).

Petitioner is not entitled to a presumption in her favor based on the Department's change in position. Although for six years, from the enactment of Tax Law former § 1004 until shortly before petitioner's transfer of property, the Department allowed taxpayers to subtract the value of retained life estates from the property's value in determining gift tax assessments, this practice was contrary to the federal interpretation of IRC 2702. While a long-term interpretation by an agency may create a presumption in favor of the taxpayer relying on that position, such presumption can be rebutted by clear legislative intent to the contrary (*see Matter of Consolidated Edison Co. of N.Y. v State Tax Commn. of State of N.Y.*, 24 NY2d 114, 119 [1969]; *New York State Cable Tel. Assn. v State Tax Commn.*, 59 AD2d 81, 83 [1977]). Such legislative intent exists here, where the Legislature incorporated a federal statute with a federal interpretation different from the Department's initial interpretation.

"[A]n agency has the power and obligation to rectify what it deems to be an erroneous interpretation of the law or an injudicious policy. A shift in agency position to ensure affecting the statute's purpose serves to indicate heightened agency conscientiousness, not arbitrariness" (*Matter of AT&T Info. Sys. v Donohue*, 113 AD2d 395, 401-402 [1985] [Yesawich, Jr., J., dissenting], *revd on dissenting op below* 68 NY2d 821 [1986]). The Department's shift in position was reasonable and consonant with federal law interpreting the relevant provision. Thus, the Tribunal's determination sustaining imposition of additional tax under the federal interpretations, newly adopted by the Department, was proper.

Finally, the regulations are consistent with IRC 2702.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.