◼ In the Matter of ROBERT M. COLLEARY et al., Petitioners, v JAMES H. TULLY et al., Constituting the STATE TAX COMMISSION, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission which sustained notices of deficiency against petitioners. Petitioner and his wife, Bridget B. Colleary, residents of New Jersey during the years 1967, 1968, 1970 and 1971, filed nonresident income tax returns for those years, deducting from their New York State income the income attributable to the days worked in New Jersey. The Income Tax Bureau, in disallowing the allocation, issued notices for deficiency totaling $25,236.36. Upon redetermination a penalty assessed for late filing was canceled. Petitioner was employed by a New York City firm as the head writer for the "Captain Kangaroo" television show during the years in question. His employment, entailing both writing and supervisory work, was covered by two separate contracts; one for his writing and the other for his supervisory work. His supervisory duties were performed at the employer's New York office two days a week. The remaining days of the week were spent writing at a New Jersey office which petitioner maintained for this work. The employer provided no facilities for petitioner to use for his writing. He was free to write wherever he chose so long as the required scripts were delivered. Prior to April, 1967, petitioner had written at home, but due to his expanding family, petitioner rented a New Jersey office, near his home for his writing activities. Although he was not reimbursed directly for the expense incurred in renting and operating this office, the expense was considered in fixing petitioner's salary. Petitioner first contends that income received for his writing activities was earned under a separate contract with his employer and that such income was therefore derived from employment carried on wholly without the State (see 20 NYCRR 131.4 [b]; *Hayes v State Tax Comm.,* 61 AD2d 62). Thus, he argues, respondent erroneously applied the "convenience of the employer" test in computing the number of days attributed to having been worked within New York State. We disagree. The "convenience of the employer" test allows days to be claimed as out-of-State working days only where the services are performed outside the State "of necessity—as distinguished

from convenience" (20 NYCRR 131.16; *Matter of Speno v Gallman,* 35 NY2d 256; *Matter of Page v State Tax Comm.,* 46 AD2d 341). The Tax Commission could properly, on this record, treat the petitioner as having been engaged in one employment relationship in which he provided services both within and without the State. Petitioner rendered his services to one employer concerning one television show. His supervisory duties were rendered in connection with program conferences, assignment of scripts to writers, review of productions turned in and revisions. The "convenience of the employer" test was, therefore, properly applied to petitioner's situation (20 NYCRR 131.16). Petitioner makes no showing that any services were performed outside the State of New York "of necessity". Although petitioner's employer maintained no office in New York for the performance of petitioner's duties, it has not been shown that one could not have been provided at the employer's office *(Matter of Simms v Procaccino,* 47 AD2d 149, 151; cf. *Matter of Fass v State Tax Comm.,* 68 AD2d 977). The evidence established that it made no difference to the employer where the scripts were written. The "of necessity" requirement has not been met on these facts *(Matter of Speno v Gallman, supra; Matter of Simms v Procaccino, supra; Matter of Page v State Tax Comm., supra).* Petitioner's next contention is that the "convenience of the employer" test is unconstitutional because it causes an unfair apportionment of taxable and nontaxable income due to inaccurate correlation of the apportionment to income earned within the State. It is said that this unfair apportionment is a violation of the commerce clause of the United States Constitution. The argument is without merit. The "convenience of the employer" test merely serves to protect the integrity of the apportionment scheme by including income as taxable where it results from services substantially connected with New York but performed outside New York to effect a subterfuge. Moreover, the validity of the test has met with approval in *Matter of Speno v Gallman (supra,* p 259). Petitioner also claims that the applicable regulations work a deprivation of due process and equal protection under the law in that self-employed persons and employees are treated differently. This argument likewise is without merit. There is a rational distinction between the two. The income of an out-of-State self-employed person is taxable only through his intrastate activities since these activities are the connection with the State, whereas, the source of an out-of-State employee's income is the employer within the State. Thus, the employment relationship is important in establishing the necessary connection with State. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.