■ In the Matter of THOMAS L. HUCKABY, Petitioner, v NEW YORK STATE DIVISION OF TAX APPEALS, TAX APPEALS TRIBUNAL et al., Respondents. [776 NYS2d 125]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of personal income tax imposed under Tax Law article 22.

Petitioner is a resident of Tennessee. Until 1991, he was employed as a computer programmer by a Tennessee-based employer, where his duties included providing services to the National Organization of Industrial Trade Unions (hereinafter NOITU), an organization based in Jamaica, Queens County. After he left that employment in 1991, NOITU hired him to continue providing computer programming services in support of its New York operations. Petitioner and NOITU agreed that he would work primarily from his home in Tennessee, however, he would travel to New York as needed.

In 1994 and 1995, petitioner spent approximately 25% of his time working in New York.* Petitioner and his wife filed 1994 and 1995 New York nonresident income tax returns, apportioning his income between New York and Tennessee to reflect the number of days he spent working in each state. However, the Department of Taxation and Finance (hereinafter Department)

* In 1994, petitioner worked in New York for 59 days and in Tennessee for 187 days. In 1995, he worked in New York for 62 days and in Tennessee for 180 days.

determined that 100% of petitioner's income was allocable to New York and issued notices of deficiency for those tax years. After the Department's assessments were upheld at a conciliation conference, petitioner filed a petition for redetermination, contending that the Department's allocation of his income was inconsistent with relevant statutes and regulations and otherwise unconstitutional. The parties waived a hearing and an Administrative Law Judge denied the petition. Respondent Tax Appeals Tribunal affirmed the tax assessment and this proceeding ensued.

New York taxes the income of nonresidents to the extent that income is "derived from or connected with New York sources" (Tax Law § 631 [b] [1]; *see* Tax Law § 601 [e]), including any income attributable to "a business, trade, profession or occupation carried on in this state" (Tax Law § 631 [b] [1] [B]). When a nonresident earns income from work performed both within and outside of New York, the portion of income that can be taxed by New York is determined by allocating the total number of days worked to the various states and apportioning the nonresident's income accordingly (*see* Tax Law § 631 [c]; 20 NYCRR 132.18). However, under the "convenience of the employer" test, a nonresident who worked both within and outside New York can allocate days worked outside New York to other states only if the services were performed outside New York due to the necessity of the employer, rather than for the employee's convenience (*see* 20 NYCRR 132.18 [a]; *see also Matter of Zelinsky v Tax Appeals Trib. of State of N.Y.*, 1 NY3d 85, 90 [2003]; *Matter of Speno v Gallman*, 35 NY2d 256, 259 [1974]).

In this proceeding, the parties have stipulated that petitioner's employer did not require him to work in Tennessee and he chose to do so for personal reasons. Under these circumstances, the Department applied the "convenience of the employer" test and determined that the income earned from work in Tennessee was taxable by New York because it was not performed in Tennessee due to the necessity of his New York employer.

On the other hand, petitioner contends that the "convenience of the employer" test is inconsistent with Tax Law § 631. He argues that this statute authorizes the state to tax only the portion of a nonresident's income that is derived from work "carried on" in New York (*see* Tax Law § 631 [b] [1] [B]) and, thus, regulations implementing this statute must focus on the location where the work is performed, rather than on the location or demands of the employer. It is clear, however, that New York's tax statutes are intended to impose tax on any nonresident income "derived from sources in this state" (Tax Law § 601 [e];

*see* Tax Law § 631 [a]), and the Court of Appeals has upheld the "convenience of the employer" test as a valid means of capturing income derived from work performed for New York employers (*see Matter of Speno v Gallman, supra* at 258-260; *see also Matter of Kitman v State Tax Commn.*, 92 AD2d 1018 [1983], *lv denied* 59 NY2d 603 [1983]), such as the income at issue here. Therefore, we find that the "convenience of the employer" test is not inconsistent with Tax Law § 631.

Turning to petitioner's constitutional claims, he sets forth that the imposition of nonresident income tax on 100% of his income violates his due process and equal protection rights. Under the Due Process Clause, a state is permitted to tax income from interstate activities only when "there is some minimal connection between those activities and the taxing State" and "the income attributed to the State for tax purposes [is] rationally related to 'values connected with the taxing State' " (*Moorman Mfg. Co. v Bair*, 437 US 267, 272-273 [1978], quoting *Norfolk & W. Ry. Co. v Missouri State Tax Commn.*, 390 US 317, 325 [1968]; *see Quill Corp. v North Dakota*, 504 US 298, 306 [1992]). Here, petitioner concedes that there is a nexus with New York sufficient to support taxation of his income, but maintains that the tax on 100% of his income is not rationally related to the benefits he derives from New York.

We disagree. "[T]he State's power to tax an individual's . . . activities is justified by the 'protection, opportunities and benefits' the State confers on those activities' " (*Allied-Signal, Inc. v Director, Div. of Taxation*, 504 US 768, 778 [1992], quoting *Wisconsin v J.C. Penney Co.*, 311 US 435, 444 [1940]). As a result, the Court of Appeals recently rejected a due process challenge to the "convenience of the employer" test, finding that a nonresident employee benefits not only from the opportunity to earn a salary in New York, but also from the "host of tangible and intangible protections, benefits and values" that New York provides to the employer which enable that salary (*Matter of Zelinsky v Tax Appeals Trib. of State of N.Y.*, 1 NY3d 85, 95 [2003], *supra*; *see id.* at 97; *see also Shaffer v Carter*, 252 US 37, 51 [1920]). Petitioner similarly derives benefits from New York and, thus, there is ample justification for the state to tax the income he derives from New York.

Turning to petitioner's equal protection claim, we note that New York's reliance on the "convenience of the employer" test to apportion nonresident income is rationally related to its legitimate interest in taxing nonresident income derived from New York sources (*see Matter of Speno v Gallman*, 35 NY2d 256, 259 [1974], *supra*; *Matter of Colleary v Tully*, 69 AD2d 922, 923

[1979]). Accordingly, we conclude that petitioner has not been deprived of equal protection by virtue of this tax scheme (*see Nordlinger v Hahn*, 505 US 1, 11-12 [1992]).

Finally, because petitioner has not prevailed on his substantive claims, his application for administrative and litigation costs pursuant to Tax Law § 3030 was properly denied (*see City of New York v State of New York*, 94 NY2d 577, 598 [2000]).

Mercure, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

